ACCEPTED
04-14-00167-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/9/2015 2:43:05 PM
KEITH HOTTLE
CLERK

No. 04-14-00167-CV

In the
Fourth Court of Appeals
at San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/9/2015 2:43:05 PM
KEITH E. HOTTLE
Clerk

———————————————

Stephens & Johnson Operating Co., *et al.*,
Appellants,

vs.

Charles W. Schroeder, *et al.*,
Appellees.

———————————————

Appealed from the 229th District Court of
Jim Hogg County, Texas
Cause No. CC-04-143

————————————————————————————————

Appellees' Brief

————————————————————————————————

Baldemar Garcia Jr.
Texas Bar No. 00790740
email: bgarcia@personwhiworth.com
lead appellate counsel for appellees
Martha Cigarroa de Llano
Texas Bar No. 04250800
email: mdellano@personwhitworth.com
PWBM, LLP
602 East Calton Road, 2nd Floor (78041)
P. O. Drawer 6668 (78042)
Laredo, Texas
voice 956.727.4441
facsimile 956.727.2696

Appellees Conditionally Request Oral Argument

## Table of Contents

Index of Authorities................................................................................3

Statement of the Case..........................................................................5

Statement Regarding Oral Argument......................................................5

Replies to Issues Presented...................................................................6

1.   Generally speaking, an oil and gas lease terminates if there is no drilling activity or production after the expiration of its primary term. Schroeder presented an expert witness affidavit proving no drilling or production after the primary term on the Stephens & Johnson Operating Co. lease. Stephens & Johnson Operating Co. did not file an opposing affidavit. Was the declaration of termination by summary judgment proper?...................................................................... 6

2.   Reasonable attorneys' fees are provable by billing records showing the date, rate, number of hours, and description of work. Opposing affidavits cannot be conclusory. Schroeder offered their attorneys' affidavit and billing records. Stephens & Johnson Operating Co. filed a counter-affidavit characterizing the fees as excessive and unreasonable, but did not challenge the hourly rates or specifically object to any of the submitted hours. Did the summary judgment attorneys' fees award constitute an abuse of discretion? ............................................................... 6

Statement of Facts...............................................................................6

I. Record References .......................................................................... 6

II. The 10 Year Lease Termination Odyssey........................................ 6

Summary of Argument.........................................................................9

Argument ...................................................................................... 10

I. Unchallenged Declaratory Judgment on Lease Termination............................ 10

II. Attorneys' Fees ....................................................................... 11

A. Standard of Review ................................................................. 11

B. Reasonableness Factors ............................................................ 11

C. Proving Reasonable Fees........................................................... 12

D. Challenging Fees.................................................................... 13

E. Schroeders' Reasonable and Necessary Attorneys' Fees .............................. 14

Prayer............................................................................................................. 15

Certificate of compliance .............................................................................. 16

Appendix........................................................................................................ 18

## Index of Authorities

Cases

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex. 1997) ........... 11

*Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695 (Tex. App.—Dallas 2008, no pet.) ...................................................................................................... 11

*Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372 (Tex. App.—San Antonio 1999, pet. denied) ................................................................................12, 13, 14

*Bexar County v. Deputy Sheriff's Ass'n*, 429 S.W.3d 673 (Tex. App.—San Antonio 2014, no pet.) ........................................................................................... 10

*Bocquet v. Herring*, 972 S.W.2d 19 (Tex. 1998) .......................................... 10

*Cammack the Cook, LLC v. Eastburn*, 296 S.W.2d 884 (Tex. App.—Texarkana 2009, pet. denied) ...................................................................................... 13

*City of Laredo v. Montano*, 414 S.W.3d 731 (Tex. 2013) .................................... 12, 14

*Clearview Properties, L.P. v. Property Tex. SC One Corp.*, 287 S.W.3d 132 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) .................................................. 12

*El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012) ..............................11, 12, 14

*Goode v. Shoukfeh*, 943 S.W.2d 441 (Tex. 1997) ....................................... 10

*Holman v. Meridian Oil, Inc.*, 988 S.W.2d 802 (Tex. App.—San Antonio 1999, pet. denied) .................................................................................................. 10

*Jarvis v. Rocanville Corp.*, 298 S.W.3d 305 (Tex. App.—Dallas 2009, pet. denied) 11

*Kidd v. Hogett*, 331 S.W.2d 515 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.) .................................................................................................... 10

*Rapid Settlements, Ltd. v. Settlement Funding, LLC*, 358 S.W.3d 777 (Tex. App.—
Houston [14th Dist.] 2012, no pet.) ........................................................... 11

*State & Cnty. Mut. Fire Ins. Co. ex rel. So. United Gen. Agency of Tex. v. Walker*, 228
S.W.3d 404 (Tex. App.—Fort Worth 2007, no pet.) ......................................... 11

Rules

TEX. DISCIPLINARY R. PROF. CONDUCT 1.04 .......................................................... 11

TEX. R. APP. P. 9.4 ..................................................................................... 15

TEX. R. APP. P. 9.5 ..................................................................................... 16

No. 04-14-00167-CV

Stephens & Johnson Operating Co., *et al.*,
Appellants,

vs.

Charles W. Schroeder, *et al.*,
Appellees.

## Appellees' Brief

To the Honorable Fourth Court of Appeals:

Now Come appellees (1) Charles W. Schroeder; (2) Elsie A. Schroeder-Schneider; (3) Hollis London; (4) Terry Mengers-Reel; (5) Ted Mengers; (6) Debbie Mengers-Quates; (7) August H. Steinmeyer; (8) Carole Schroeder-Miller; (9) James M. Schroeder; (10) Sally Schroeder-Tinanus; (11) James E. Schroeder; (12) Sue Schroeder-Stanford; (13) Bill Schroeder; (14) Wayne Hennecke; (15) Diane Hennecke-Rhodes; (16) Jerri James; (17) W. Tom Haley;

and (18) Peggy Hailey and file this their brief, and in support thereof, would respectfully show unto the Appellate Court as follows, to-wit:

## Statement of the Case

This appeal seeks review of a summary judgment declaring the termination of a 43-year-old oil and gas lease and awarding related attorneys' fees and costs.

## Statement Regarding Oral Argument

Appellant Genessee did not request oral argument, but the other 16 appellants did. All 18 appellees join the request for oral argument from the 16 appellants, and concede to submission without oral argument per appellant Genessee.

**Replies to Issues Presented**

1.	Generally speaking, an oil and gas lease terminates if there is no drilling activity or production after the expiration of its primary term. Schroeder presented an expert witness affidavit proving no drilling or production after the primary term on the Stephens & Johnson Operating Co. lease. Stephens & Johnson Operating Co. did not file an opposing affidavit. Was the declaration of termination by summary judgment proper?

2.	Reasonable attorneys' fees are provable by billing records showing the date, rate, number of hours, and description of work. Opposing affidavits cannot be conclusory. Schroeder offered their attorneys' affidavit and billing records. Stephens & Johnson Operating Co. filed a counter-affidavit characterizing the fees as excessive and unreasonable, but did not challenge the hourly rates or specifically object to any of the submitted hours. Did the summary judgment attorneys' fees award constitute an abuse of discretion?

**Statement of Facts**

**I. Record References**

Three clerk's records were filed in this appeal: (1) Vol. 1 dated 4/10/2014 consisting of pages 1-168; (2) Vol. 2 dated 4/10/2014 consisting of pages 1-293; and (3) Vol. 1 dated 5/1/2014 consisting of pages 1-348. In addition to non-exclusive and thus duplicative numbering, there is also extensive duplication of pleadings and documents amongst the three records. To ensure completeness at the risk of inefficiency, all record references in this brief will be to the last filed record on 5/1/2014 numbered 1-348.

**II. The 10 Year Lease Termination Odyssey**

A little over ten years ago, 18 plaintiffs/appellees (collectively "Schroeder") filed suit seeking the termination of a May 1, 1972 oil and gas lease on 306.71

acres of land located in Jim Hogg County, Texas. (CR at 1-9) The initial basis of termination was an unexplained 7-month total cessation of oil and gas production (from July 2003 to January 2004) without any drilling activity that occurred 26 years after the 5-year primary term had expired. (CR 5-6)

After a year of adding approximately 30 defendants in the 1st and 2nd amended petitions, Schroeder then moved for summary judgment in mid 2007. (CR at 12-25; 49-61; 63-68) The goal of the summary judgment motion was a declaration that the oil gas lease expired and plaintiffs were entitled to attorneys' fees. (CR at 63-68) The summary judgment motion attached as an appendix: (1) the subject oil and gas lease, (2) a petroleum engineer's report with pertinent Texas Railroad Commission documents establishing the complete cessation of production, and (3) an attorney's affidavit regarding associated fees. (CR at 66; 71-73 [lease]; 74-75 [report]; 76-115 [RRC supporting documentation]; 116-18 [attorneys' fees]) The appendix was incorporated by reference in the motion, and the motion expressly referred to the "affidavit of Martha Cigarroa de Llano in support of attorney's fees and costs expended herein." (CR at 66)

Defendant/appellant Genessee filed a 4-page response questioning the authenticity of the lease, lodging hearsay objections to unidentified RRC documents, and attaching an affidavit disagreeing with the amount of Schroeder's attorneys' fees. (CR at 124-128) The opposing attorney's fees affidavit did not challenge the hourly rate claimed by Schroeder's counsel, nor did it state how many hours would have been reasonable and necessary. (CR at 130) Some of the co-defendants/appellants adopted the response filed by

Genessee. (CR at 164 [6], 171 [1], 174-75 [1], 178-79) A counter-report regarding cessation of production was not provided.

Before their summary judgment could be heard, plaintiffs amended their petition for a third time. (CR 133-47)

By early 2013, plaintiffs filed a fourth amended their petition and supplemented their motion for summary judgment asserting non-production from July 1, 2003 to January 31, 2004 and from April 2005 to the present. (CR at 214-228; 242-47) The legal basis for the summary judgment remained the same:

- the standard, express language of the lease requiring production to perpetuate the lease (CR at 245-46; 71-73);
- the easily-controvertible but uncontested affidavits of a petroleum engineer demonstrating the 7-month lack of production between July 2003 and January 2004 and thereafter the non-production from April 2005 to the present, as documented by the attached Texas Railroad Commission records (CR at 253-56; 270-79; 76-115); and
- resulting attorneys' fees described by affidavit and detailed by an authenticated, 11-page billing statement detailing each expense and itemizing every billing entry by date, description, applicable rate, and increment of time in tenth or quarter hour. (CR at 257-58, 259-69)

The supplemental motion incorporated by reference the attached appendix consisting of the lease, the engineers' affidavits and supporting RRC documents, and the attorney's affidavit and billing records "in support of attorney's fees and costs expended." (CR at 244-45) Defendants/appellants filed a new response complaining that the request for termination was vague

and objecting to Schroeders' attorneys' fees. (CR at 280-86, 290, 296) Again, the opposing affidavits did not challenge the hourly rates charged by Schroeders' counsel or state how many hours would have been reasonable and necessary. (CR at 289, 295)

On December 11, 2013, being a little over 10 years after suit was originally filed, the trial court granted summary judgment on Schroeders' termination claim based on cessation of production. (CR at 298-301) Attorneys' fees and costs of $63,787.95 were awarded only against appellant/defendant Stephens & Johnson Operating Co. (CR at 300)

## Summary of Argument

The underlying litigation was filed over 10 years ago, and the substance of the summary judgment being reviewed has been on file for 7 ½ years. The trial court declared terminated a 1972 oil and gas lease for a cessation of production occurring from 2003-2004 and then from 2005 to present. The summary judgment movants/appellees Schroeder proved termination by expert witness affidavits and supporting Texas Railroad Commission documents. The non-movants/appellants opposed summary judgment but did not attach counter-affidavits. The appellants now do not appear to oppose termination by summary judgment in their briefs to this Appellate Court.

In addition to success on their request for a declaration of termination, Schroeder was awarded attorneys' fees against appellant Stephens & Johnson Operating Co. only. Schroeders' attorneys' fees proof consisted of an affidavit and supporting billing records showing the date, rate, amount of time, and description of services for every fee entry. Appellant Stephens & Johnson

Operating Co. filed an opposing affidavit that complained of attorneys' fees generally but not addressing any single entry specifically. The trial court did not abuse its discretion in awarding attorneys' fees.

## Argument

### I. Unchallenged Declaratory Judgment on Lease Termination

By their briefs in this Appellate Court, appellants for the first time admit there is no dispute or justiciable controversy as to the cessation of production and consequently concede termination of the subject oil and gas lease. (Appellants Stephens & Johnson Operating Co.'s brief, p. 4-9; Appellant Genessee's brief, p. 4-6) These concessions were not made in the trial court, where appellants sought the denial of Schroeders' summary judgment motions. (CR at 281-82, 292)

Schroeder attached to their summary judgment motions an expert affidavit and supporting RRC documentation proving a termination due to a cessation of production since April 2005; appellants did not provide any opposing summary judgment proof. Appellants also did not submit any summary judgment proof to show that the terminated oil and gas lease had been released, which would have mooted any possible controversy. *Kidd v. Hogett*, 331 S.W.2d 515, 517 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.); *Holman v. Meridian Oil, Inc.*, 988 S.W.2d 802, 805-06 (Tex. App.—San Antonio 1999, pet. denied); (CR at 226)

Without controverting evidence raising a fact issue, a summary judgment declaration that resolved a disputed lease termination was proper.

## II. Attorneys' Fees

### A. Standard of Review

Abuse of discretion is the standard of review for an award of attorneys' fees in a declaratory judgment action. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). A trial court abuses its discretion when it rules arbitrarily, unreasonably, or without regard to guiding legal principles. *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997). There are four limitations on the trial court's discretion: the fees must be (1) reasonable, (2) necessary, (3) equitable, and (4) just. *Bocquet*, 972 S.W.2d at 21. Reasonableness and necessity are questions of fact; equity and justness are questions of law. *Bexar County v. Deputy Sheriff's Ass'n*, 429 S.W.3d 673, 677 (Tex. App.—San Antonio 2014, no pet.).

### B. Reasonableness Factors

In assessing the reasonableness of an attorneys' fee award, eight non-exclusive factors can be considered:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood … that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)(*citing* TEX. DISCIPLINARY R. PROF. CONDUCT 1.04, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. (STATE BAR RULES, art. X, § 9). Evidence on each factor is not required. *Rapid Settlements, Ltd. v. Settlement Funding, LLC*, 358 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 706 (Tex. App.—Dallas 2008, no pet.); *State & Cnty. Mut. Fire Ins. Co. ex rel. So. United Gen. Agency of Tex. v. Walker*, 228 S.W.3d 404, 408 (Tex. App.—Fort Worth 2007, no pet.). Other factors that can establish reasonableness include the entire record and the common knowledge of the attorneys and judges. *Rapid Settlements*, 358 S.W.3d at 786; *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 318 (Tex. App.—Dallas 2009, pet. denied).

## C. Proving Reasonable Fees

Reasonable attorneys' fees may be calculated and proved using the lodestar method. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760-61 (Tex. 2012). Lodestar calculation involves two steps: (1) the court determines the reasonable number of hours and a reasonable hourly rate and then (2) the number of hours is multiplied by the applicable rate, the product being the lodestar fee. *Id.* Lodestar proof requires evidence of: (1) the nature of the work; (2) who performed the services and their rate; (3) approximately when the services were performed; and (4) the number of hours worked. *El Apple*, 370 S.W.3d at 762-

64. This proof will almost always depend on corroboration by contemporaneous billing records. *Id.* Trial courts are accorded considerable deference in determining fees that are not excessive, redundant, or unreasonable, and lodestar fees are presumptively reasonable. *El Apple*, 370 S.W.3d at 764-65.

The importance of billing records to support attorneys' fee awards was again stressed by the Texas Supreme Court in *City of Laredo v. Montano*, 414 S.W.3d 731 (Tex. 2013)(per curiam).

## D. Challenging Fees

Whether segregation is required between claims that allow for a recovery of attorney's fees and claims that do not is a question of law. *Clearview Properties, L.P. v. Property Tex. SC One Corp.*, 287 S.W.3d 132, 143 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

To avoid summary judgment on attorneys' fees, a non-movant must do more than just file a conclusory counter-affidavit criticizing the fees as unreasonable and excessive. *Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 373-74 (Tex. App.—San Antonio 1999, pet. denied). In *Obregon*, the summary judgment movant attached her counsel's affidavit stating his experience and basis for his opinion on the reasonableness of his attorney's fees. *Id.* The non-movant then tried to raise a fact issue by competing affidavit:

> The attorney's fees alleged by Plaintiff's Motion for Summary Judgment are not reasonable and necessary for the sum sued upon. Attorney fees for Plaintiff should be less than $4,000.00. The hourly rate of $175.00 per hour is excessive by Plaintiff's attorney and should be $125.00 per hour. The number of hours

> to complete Plaintiff's attorneys services should be less than 30 hours.

*Id.* at n.2. Because the counter-affidavit did not provide the affiant's qualifications or basis of his opinion as to what a reasonable fee might be, it was held conclusory and insufficient. *Id.*

Similarly, in *Cammack the Cook, LLC v. Eastburn*, the summary judgment non-movant's affidavit did not raise a fact issue by merely complaining that "the attorney's fees plaintiff's attorney claims are not necessary or reasonable, and they are an excessive and bad faith demand" without any challenge to the number of hours expended, hourly rate, or necessity. 296 S.W.2d 884, 894-95 (Tex. App.—Texarkana 2009, pet. denied).

### E. Schroeders' Reasonable and Necessary Attorneys' Fees

The trial court did not abuse its discretion in awarding Schroeder $63,787.95 in attorneys' fees and costs for successful oil and gas litigation that consumed over 10 years to liberate 306.71 mineral acres of land. Schroeders' attorneys' fee proof was sworn and documented by 11 pages of authenticated, contemporaneous billing records describing every date of work, exact number of incremental and total hours of the work (324 total hours), a substantive description of the work, and the applicable rate for the work. (CR at 257-69) The affidavit proof was unchallenged as to the preclusion of other work imposed by this representation and the hourly rates charged. (CR at 288-89) Lodestar fees, like Schroeders', are presumptively reasonable.

Although the total amount of fees and costs was challenged by appellant Stephens & Johnson Operating Co. (the only defendant liable for attorneys' fees and costs), an appropriate fee was not suggested. The counter-affidavit

interposed legal conclusions ("legally sufficient evidence" and "equitable or just"), made factual conclusions ("grossly disproportionate" and "excessive, unreasonable"), and challenged the number of hours applicable to preparing and prosecuting summary judgment motions—and not the underlying claims. (CR at 288-89) Despite having access to each billing entry by date, amount, and substantive description, appellant Stephens & Johnson Operating Co. did not specifically object or request segregation for a single entry.

Appellees Schroeder's attorneys' fees proof adheres to the recent high hurdles in *El Apple* and *Montano* set by the Texas Supreme Court over the last 2 years, while appellant Stephens & Johnson Operating Co.'s does not clear the low hurdle of *Obregon* set 16 years ago by this Appellate Court. The award of attorneys' fees and costs is further insulated from reversal by the deferential abuse of discretion standard of review, and should be affirmed.

## Prayer

Wherefore, Premises Considered, appellees respectfully request this Appellate Court to affirm the trial court's declaratory judgment as to the termination of the subject oil and gas lease and the associated award of attorneys' fees and costs, and appellees further respectfully request any additional relief, both general and special, at law or in equity, to which they may be justly entitled to receive.

Respectfully submitted,


/s/ *Baldemar Garcia Jr.*
Baldemar Garcia Jr.
Texas Bar No. 00790740
email: bgarcia@personwhitworth.com
lead appellate counsel for appellees
Martha Cigarroa de Llano
Texas Bar No. 04250800
email: mdellano@personwhitworth.com
PWBM, LLP
602 East Calton Road, 2nd Floor (78041)
P. O. Drawer 6668 (78042)
Laredo, Texas
voice 956.727.4441
facsimile 956.727.2696


## Certificate of compliance

According to the word count feature in Microsoft Word, this brief is 2,346 words, excluding the caption, identities of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix. TEX. R. APP. P. 9.4.(i)(15,000 applicable word limit).


/s/ *Baldemar Garcia Jr.*

Certificate of service

Appellees' brief was served by electronic mail on all counsel of record on March 9, 2015. TEX. R. APP. P. 9.5.

Augustin Rivera Jr.
Dunn, Weathered, Coffey, Rivera, & Kasperitis, PC
611 South Upper Broadway
Corpus Christi, Texas 78401
facsimile 361.883.1599
email: ariverajr@swbell.net

Lynse L. Guerra
Skaggs & Guerra, LLP
710 Laurel
P. O. Drawer 2285
McAllen, Texas 78502
facsimile 956.630.6570
email: sgllp@sbcglobal.net


/s/ *Baldemar Garcia Jr.*
Baldemar Garcia Jr.

No. 04-14-00167-CV

Stephens & Johnson Operating Co., *et al.*,
Appellants,

vs.

Charles W. Schroeder, *et al.*,
Appellees.

## Appendix

1. Order granting summary judgment

2. Schroeder's attorneys' fees affidavit and attachments

3. Stephens & Johnson Operating Co. counter-affidavit

CAUSE NO. CC-04-143

| | | |
|---|---|---|
| CHARLES W. SCHROEDER, ELSIE A. SCHROEDER SCHNEIDER, HOLLIS LONDON, TERRY MENGERS REEL, TED MENGERS, DEBBIE MENGERS QUATES, AUGUST H. SETINMEYER, CAROLE SCHROEDER MILLER, JAMES M. SCHROEDER, SALLY SCHROEDER TINANUS, JAMES E. SCHROEDER, SUE SCHROEDER STANFORD, BILL SCHROEDER, WAYNE HENNECKE, DIANE HENNECKE RHODES, JERRI JAMES, W. TOM HAILEY and PEGGY HAILEY | § § § § § § § § § § § § § § § § § | FILED IN IN THE DISTRICT COURT OF APPEALS SAN ANTONIO, TEXAS 03/9/2015 2:43:05 PM KEITH E. HOTTLE Clerk |
| **Plaintiffs** | § | 229TH JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| STEPHENS & JOHNSON OPERATING CO. MARTIN BALK, HENRY W. BREYER, III, TRUST, CARLA K. BUTLER, J.D. BUTTS, CAH LTD.-MOPI FOR CAPITAL ACCOUNT OF MOPI, CAH, LTD.-STIVERS CAP. ACCOUNT JACK STIVERS FAMILY TRUST CAH LTD.-WIEGAND RESOURCES CAP. ACCOUNT WIEGAND RESOURCES, C.T. CARDEN, MYRL W. DEITCH TRUST, DMS OIL COMPANY, GENESSEE COUNTRY MUSEUM, E.R. GODBOUT FAMILY TRUST, MARGARET J. GODBOUT, W. LEROY GOETZMANN, GUARANTY PETROLEUM CORPORATION F.R. KEYDEL, R.L. KEYDEL, PENNEYE K. MALONEY, DAVID R. MCNITT, CHARLES RICHARD MILES, J.D. MILES NANCY RAE MILES, RCA TRUST ONE, A.L. RHODES, ROYALTY CLEARINGHOUSE 2003, LLC, JUDITH ANN SCHELLENBERG, JACK STIVERS FAMILY TRUST, GORDON D. STOCK, DONALD B. SCOTT, SUNSET PRODUCTION CORPORATION, PAUL N. TEMPLE REVOCABLE TRUST and BRENDA SUE WINCENT, Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | FILED FOR RECORD at 3.15 o'clock P M. DATE 12/12/13 ZOFIA G. MORALES CLERK DISTRICT COURT JIM HOGG CO. TEXAS BY [signature] DEPUTY JIM HOGG COUNTY, TEXAS |

Partial Summary Judgment with Rulings on        1
Special Exceptions and Objections to
Evidence and Severance

298

## PARTIAL SUMMARY JUDGMENT WITH RULINGS ON SPECIAL EXCEPTIONS AND OBJECTIONS TO EVIDENCE and SEVERANCE

On November 4, 2013, the Court heard and considered the following:

a. Plaintiffs' Motion For Summary Judgment;

b. Plaintiff's Supplemental Motion for Summary Judgment

c. Defendant Genessee Country Museum's Response to Plaintiffs Charles W. Schroeder, et al.'s Supplemental Motion for Summary Judgment

d. Defendants' Objections & Joint Response to Plaintiffs' Motion & Supplemental Motion for Summary Judgment

Based on the foregoing, after examining the pleadings, the summary judgment, including all objections and special exceptions thereto, the Court is of the opinion, finds, rules and renders judgment as follows:

1. All of Defendants' objections to the summary judgment evidence are overruled.

2. All of the Defendants' special exceptions to Plaintiffs' Motion for Summary Judgment and Plaintiffs' Supplemental Motion for Summary Judgment are overruled

3. Plaintiffs' Motion For Summary Judgment and Plaintiff's Supplemental Motion for Summary Judgment are granted in their entirety.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that that certain May 1, 1972 oil and gas lease executed by Charles William Schroeder, a single man, Elsie S. Schneider and husband C.R. Schneider, as Lessor, and Lawrence E. Hoover, as Lessee, covering 306.71 acres more or less, same

Partial Summary Judgment with Rulings on     2
Special Exceptions and Objections to
Evidence and Severance

being Share Eight (8) awarded to Ella Schroeder in Partition Deed dated November 14, 1952, which Partition Deed is recorded in Volume 33, at Pages 400 – 412, of the Deed Records of Jim Hogg County, Texas, recorded in Volume 66, pages 402 et seq. of the Oil and Gas Records of Jim Hogg County, Texas, hereafter the "Oil and Gas Lease" is terminated as of July 1, 2003.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs are awarded $63,787.95 in reasonable and necessary attorneys of and from Defendant, Stephens & Johnson Operating Co.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs' declaratory judgment act and attorney's fees claims pertaining to the declaratory judgment act, on which summary judgment is hereby granted, shall remain on the docket as Cause No. CC-04-143. Plaintiffs' remaining causes of actions against Defendants for trespass, bad faith pooling, failure to file a release and attorneys fees are severed from Plaintiffs' declaratory judgment action and attorneys fees claims pertaining to the declaratory judgment act, and are made the subject of a separate suit which is hereby assigned docket number No. CC-04-143-A.

This Order disposes of Plaintiffs Declaratory Judgment Act claim, including attorneys fees pursuant to the Declaratory Judgment Act, against Defendants' and is a final, appealable judgment as to those claims. This Order is not intended to and does not dispose of Plaintiffs' trespass, bad faith pooling, failure to file a release and attorneys fees claims, if any, which are the subject of the severed cause No. CC-04-143-A.

Partial Summary Judgment with Rulings on 3
Special Exceptions and Objections to
Evidence and Severance

Signed this 11th day of December 2013.

Ana Lisa Garza
229th Judicial District Court
Jim Hogg County, Texas

Partial Summary Judgment with Rulings on    4
Special Exceptions and Objections to
Evidence and Severance

AFFIDAVIT OF
MARTHA CIGARROA DE LLANO IN
SUPPORT OF REQUEST FOR ATTORNEY'S
FEES REGARDING SUMMARY JUDGMENT

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/9/2015 2:43:05 PM
KEITH E. HOTTLE
Clerk

STATE OF TEXAS      §

COUNTY OF WEBB      §

       Before me, the undersigned notary public, on this day personally appeared Martha Cigarroa de Llano, known to me, who after being duly sworn, on her oath stated as follows:

1. "My name is Martha Cigarroa de Llano. I am at least 21 years of age, of sound mind, capable of making this affidavit and fully competent to testify to the matters stated in the affidavit, and that the matters stated in this affidavit are true and correct and within my personal knowledge.

2. I am an attorney duly licensed by the State Bar of Texas. My hourly rate for causes of this nature is $300 per hour. Such hourly rate is the usual and customary, reasonable and necessary charge for actions of this nature in Jim Hogg County, Texas.

3. I am an attorney for Plaintiffs, Charles W. Schroeder, Elsie A. Schroeder Schneider, Hollis London, Terry Mengers Reel, Ted Mengers, Debbie Mengers Quates, August H. Setinmeyer, Carole Schroeder Miller, James M. Schroeder, Sally Schroeder Tinanus, James E. Schroeder, Sue Schroeder Stanford, Bill Schroeder, Wayne Hennecke, Diane Hennecke Rhodes, Jerri James, W. Tom Hailey and Peggy Hailey (hereinafter referred to as "Plaintiffs") in this Cause and have been employed by Plaintiffs to bring this suit. The services rendered were usual and customary, reasonable and necessary. I have done or caused to be done the legal services indicated on the 11 pages of business records, attached hereto and incorporated herein for all purposes.

4. Plaintiffs' retention of my services in this Case precluded me from accepting other employment.

5. I anticipate an additional thirty hours of my time will be required to review any response to the summary judgment motion and objections to the supporting affidavits, discuss the same with Plainitffs, prepare a reply to that response and objections to any controverting affidavits, prepare for the hearing, and to attend the hearing.

6. Based on my knowledge and experience with similar cases and applying the facts and factors set forth above, it is my opinion that the sum of $63,787.95 is a reasonable attorney's fee for prosecuting this case and judgment in the trial court, if the summary judgment is granted in favor of Plaintiffs.

7. Moreover, I am the custodian of records of Person, Whitworth, Borchers & Morales, L.L.P. Attached hereto are 11 pages of records from August 26, 2003 to February 28, 2013. These said 11 pages of records are kept by Person, Whitworth, Borchers & Morales, L.L.P. in the regular course of business, and it was the regular course of Person, Whitworth, Borchers & Morales, L.L.P. for an employee or representative of Person, Whitworth, Borchers & Morales, L.L.P., with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original."

Further, Affiant says not.

_____
Martha Cigarroa de Llano

Subscribed and sworn to before me on ⟨12⟩ day of March, 2013,

_____
Notary Public, State of Texas
Notary's name (printed): Sandra Martinez
Notary's commission expires: 4-8-2016

SANDRA MARTINEZ
Notary Public, State of Texas
My Commission Expires
April 08, 2016

Page 2 of 2

258



| Client | Trans Date | Atty | H P | Tcd | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----|------|--------------|--------|--|-------|
| Client ID 8478.01 SCHROEDER/MR. CHARLES | | | | | | | | | |
| 8478.01 | 08/26/2003 | 22 | A | 1 | 115.00 | 1.20 | 138.00 | MET WITH CLIENT; | ARCH |
| 8478.01 | 08/26/2003 | 7 | A | 1 | 225.00 | 1.50 | 337.50 | MEETING WITH CLIENT ON STIVERS LEASE ON ▓▓▓▓ IM HOGG COUNTY AND ZAPATA COUNTY; | ARCH |
| 8478.01 | 09/09/2003 | 7 | A | 1 | 225.00 | 1.50 | 337.50 | MEETING TO DISCUSS ▓▓▓▓ N JIM HOGG COUNTY, TEXAS; | ARCH |
| 8478.01 | 09/09/2003 | 22 | A | 1 | 115.00 | 1.20 | 138.00 | MET WITH CLIENT; | ARCH |
| 8478.01 | 12/03/2003 | 22 | A | 1 | 115.00 | 2.00 | 81.99 | REVIEWED DOCUMENTS AND RAILROAD COMMISSION DATA; ▓▓▓▓ | ARCH |
| 8478.01 | 12/11/2003 | 22 | A | 1 | 115.00 | 1.30 | 53.29 | REVIEWED RAILROAD COMMISSION DATA ▓▓▓▓ | ARCH |
| 8478.01 | 12/15/2003 | 22 | A | 1 | 115.00 | 1.30 | 53.29 | REVIEWED DEED RECORDS; PHONE CONFERENCE WITH CLIENT; REVIEWED FILE AND OTHER DATA RELATING TO THE LEASES; | ARCH |
| 8478.01 | 01/08/2004 | 22 | A | 1 | 115.00 | 1.50 | 61.49 | REVIEWED FILE; SEARCHED THROUGH DEED RECORDS; PHONE CALL WITH CLIENT; | ARCH |
| 8478.01 | 01/13/2004 | 22 | A | 1 | 115.00 | 2.50 | 204.97 | MET WITH MR. SCHROEDER AND MR. HALEY; DRAFTED LETTER TO CLIENTS; STARTED DRAFTING EMPLOYMENT AGREEMENT; | ARCH |
| 8478.01 | 01/13/2004 | 7 | A | 1 | 225.00 | 0.50 | 80.22 | MEETING TO DISCUSS POTENTIAL ▓▓▓▓ | ARCH |
| 8478.01 | 01/14/2004 | 7 | A | 98 | | | 1.20 | POSTAGE | ARCH |
| 8478.01 | 02/09/2004 | 22 | A | 1 | 115.00 | 0.30 | 34.50 | PHONE CALL WITH TOM HALEY; MADE CHANGES TO LETTER TO CLIENTS; | ARCH |
| 8478.01 | 02/11/2004 | 22 | A | 1 | 115.00 | 0.30 | 34.50 | MADE CHANGES TO LETTER TO CLIENTS; | ARCH |
| 8478.01 | 02/19/2004 | 16 | A | 98 | | | 0.74 | POSTAGE | ARCH |
| 8478.01 | 03/29/2004 | 22 | A | 1 | 115.00 | 0.20 | 23.00 | PHONE CALL WITH MR. SCHROEDER; | ARCH |
| 8478.01 | 05/26/2004 | 22 | A | 1 | 150.00 | 0.30 | 45.00 | PHONE CONFERENCE WITH MR. HAILEY; | ARCH |
| 8478.01 | 05/27/2004 | 22 | A | 1 | 150.00 | 0.70 | 105.00 | PHONE CALLS WITH MR. HAILEY REGARDING | ARCH |
| 8478.01 | 06/04/2004 | 22 | A | 1 | 150.00 | 4.00 | 600.00 | REVIEWED FILE; REVIEWED TEXAS RAILROAD COMMISSION RECORDS; PHONE CONFERENCES WITH S AND J'S ENGINEER; PHONE CALLS WITH CLIENTS; REVIEWED LEASE TERMS; RESEARCH ▓▓▓▓ DRAFTED LETTER TO S AND J; | ARCH |
| 8478.01 | 06/04/2004 | 22 | A | 98 | | | 4.65 | POSTAGE | ARCH |
| 8478.01 | 06/04/2004 | 22 | A | 96 | | | 29.35 | WESTLAW RESEARCH FEE | ARCH |
| 8478.01 | 06/10/2004 | 22 | A | 1 | 150.00 | 0.30 | 45.00 | PHONE CALL WITH MAX VORDENBAUM OF STEPHENS AND JOHNSON; | ARCH |
| 8478.01 | 06/11/2004 | 22 | A | 1 | 150.00 | 0.30 | 45.00 | PHONE CALL WITH MR. HALEY REGARDING STATUS OF PENDING MATTER WITH STEPHEN & JOHNSON. | ARCH |
| 8478.01 | 06/22/2004 | 22 | A | 1 | 150.00 | 0.70 | 105.00 | PHONE CONFERENCES WITH MAX VORDENBAUM OF STEPHEN & JOHNSON; PHONE CONFERENCES WITH MR. SHRODER; PHONE CONFERENCE WITH STEPHEN & JOHNSON'S ATTORNEY. | ARCH |
| 8478.01 | 07/12/2004 | 22 | A | 1 | 150.00 | 0.20 | 30.00 | PHONE CONFERENCE WITH MR. GIBSON, STEPHEN & JOHNSON'S ATTORNEY, REGARDING RESPONSE TO OUR LETTER | ARCH |
| 8478.01 | 08/06/2004 | 22 | A | 1 | 150.00 | 0.40 | 60.00 | REVIEWED FILE; PHONE CONFERENCE WITH ATTORNEY FOR STEPHEN & JOHNSON; E-MAIL TO CLIENT | ARCH |
| 8478.01 | 09/02/2004 | 22 | A | 1 | 150.00 | 0.40 | 60.00 | REVIEWED FILE; PHONE CONFERENCE WITH STEPHEN & JOHNSON ENGINEER | ARCH |
| 8478.01 | 09/02/2004 | 22 | A | 98 | | | 5.16 | POSTAGE | ARCH |
| 8478.01 | 09/16/2004 | 22 | A | 1 | 150.00 | 0.20 | 30.00 | PHONE CONFERENCE WITH MR. SCHRODER REGARDING ▓▓▓▓ | ARCH |
| 8478.01 | 11/09/2004 | 22 | A | 1 | 150.00 | 1.60 | 240.00 | PREPARED DRAFT OF PLAINTIFF'S ORIGINAL PETITION | ARCH |
| 8478.01 | 11/10/2004 | 22 | A | 1 | 150.00 | 4.50 | 675.00 | DRAFTED ORIGINAL PETITION AGAINST STEPHEN & JOHNSON | ARCH |
| 8478.01 | 11/15/2004 | 22 | A | 1 | 150.00 | 0.80 | 120.00 | WORKED ON ORIGINAL PETITION AND REQUEST FOR DISCLOSURE | ARCH |
| 8478.01 | 11/16/2004 | 22 | A | 1 | 150.00 | 2.00 | 300.00 | FINALIZED ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE AND HAD SAME FILED AND SERVED | ARCH |
| 8478.01 | 11/16/2004 | 34 | A | 110 | | | 258.00 | CHECK # 5665 - JIM HOGG DISTRICT CLERKS FOR | ARCH |

| Client | Trans Date | Atty | H P | Tcd | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----|------|---------------|--------|---|-------|

**Client ID 8478.01 SCHROEDER/MR. CHARLES**

| Client | Trans Date | Atty | H P | Tcd | Rate | Hours to Bill | Amount | Description | Ref # |
|--------|-----------|------|-----|-----|------|---------------|--------|-------------|-------|
| | | | | | | | | FILING FEES, ISSUANCE, AND SERVICE OF CITATION | |
| 8478.01 | 11/16/2004 | 7 | A | 98 | | | 6.03 | POSTAGE | ARCH |
| 8478.01 | 11/16/2004 | 22 | A | 96 | | | 14.01 | WESTLAW RESEARCH FEE | ARCH |
| 8478.01 | 01/17/2005 | 22 | A | 1 | 150.00 | 0.30 | 45.00 | PHONE CONFERENCE WITH OPPOSING COUNSEL'S OFFICE REGARDING REQUESTS FOR DISCLOSURE | ARCH |
| 8478.01 | 01/17/2005 | 22 | A | 100 | 0.250 | | 0.50 | TELEFAX TRANSMITTAL (2) | ARCH |
| 8478.01 | 01/31/2005 | 18 | A | 1 | 25.00 | 0.50 | 12.50 | MA: FILE MANAGEMENT; | ARCH |
| 8478.01 | 02/01/2005 | 22 | A | 1 | 150.00 | 0.20 | 30.00 | PHONE CONFERENCE WITH CLIENT REGARDING STATUS OF CASE | ARCH |
| 8478.01 | 03/09/2005 | 22 | A | 1 | 150.00 | 0.70 | 105.00 | REVIEWED FILE; PREPARED AND SENT LETTER TO OPPOSING COUNSEL | ARCH |
| 8478.01 | 03/09/2005 | 7 | A | 100 | 0.250 | | 1.00 | TELEFAX TRANSMITTAL (4) | ARCH |
| 8478.01 | 03/09/2005 | 7 | A | 98 | | | 0.37 | POSTAGE | ARCH |
| 8478.01 | 05/09/2005 | 22 | A | 1 | 150.00 | 0.40 | 60.00 | REVIEWED CORRESPONDENCE FROM STEPHAN & JOHNSON; SENT E-MAIL TO CLIENT | ARCH |
| 8478.01 | 07/22/2005 | 22 | A | 1 | 150.00 | 1.70 | 255.00 | WORKED ON FILE; PHONE CONFERENCE WITH REX HOWELL; REVIEWED FILE AND DRILLING INFORMATION | ARCH |
| 8478.01 | 07/22/2005 | 34 | A | 1 | 175.00 | 2.00 | 350.00 | CONFERENCE WITH LEAL RE: ▓▓▓▓ CONFERENCE WITH HOWELL RE: ▓▓▓▓ | ARCH |
| 8478.01 | 07/22/2005 | 22 | A | 102 | 0.200 | | 2.80 | XEROX COPIES @ 20 CENTS EACH ( 14) | ARCH |
| 8478.01 | 07/25/2005 | 22 | A | 1 | 150.00 | 0.30 | 45.00 | PHONE CONFERENCE WITH BUSTER ADAMI | ARCH |
| 8478.01 | 07/26/2005 | 22 | A | 1 | 150.00 | 1.00 | 150.00 | REVIEWED REX HOWELL'S REPORT; PHONE CONFERENCE WITH RES HOWELL REGARDING | ARCH |
| 8478.01 | 07/27/2005 | 22 | A | 1 | 150.00 | 0.50 | 75.00 | REVIEWED REX HOWELL'S DRAFT OF THE REPORT; PHONE CONFERENCE WITH REX HOWELL | ARCH |
| 8478.01 | 08/10/2005 | 34 | A | 1 | 175.00 | 0.25 | 43.75 | CONFERENCE WITH LEAL RE: STATUS OF CASE: | ARCH |
| 8478.01 | 08/15/2005 | 22 | A | 1 | 150.00 | 0.50 | 75.00 | WORKED ON LETTER TO S & J'S ATTORNEY; REVIEWED FILE | ARCH |
| 8478.01 | 08/15/2005 | 9 | A | 1 | 200.00 | 5.00 | 1,000.00 | INTEROFFICE CONFERENCE WITH ATTORNEYS RICHARD E. MORALES AND RAUL LEAL; PREPARATION OF LETTER TO OPPOSING COUNSEL REGARDING ▓▓▓▓ PREPARATION OF DESIGNATION OF EXPERTS. | ARCH |
| 8478.01 | 08/15/2005 | 7 | A | 98 | | | 6.49 | POSTAGE | ARCH |
| 8478.01 | 08/15/2005 | 7 | A | 98 | | | 5.11 | POSTAGE | ARCH |
| 8478.01 | 08/15/2005 | 7 | A | 100 | 0.250 | | 2.00 | TELEFAX TRANSMITTAL (8) | ARCH |
| 8478.01 | 08/15/2005 | 22 | A | 99 | | | 12.96 | FEDERAL EXPRESS | ARCH |
| 8478.01 | 08/15/2005 | 22 | A | 99 | | | 12.96 | FEDERAL EXPRESS | ARCH |
| 8478.01 | 08/16/2005 | 9 | A | 1 | 200.00 | 4.00 | 800.00 | PREPARATION OF THIRTY-TWO (32) CITATIONS. | ARCH |
| 8478.01 | 08/16/2005 | 34 | A | 1 | 175.00 | 0.50 | 87.50 | CONFERENCE WITH DELLANO AND LEAL RE: STATUS OF CASE; | ARCH |
| 8478.01 | 08/17/2005 | 9 | A | 1 | 200.00 | 4.50 | 900.00 | PREPARATION OF AMENDED PLEADINGS; OVER SEE CITATION PREPARATION. | ARCH |
| 8478.01 | 08/17/2005 | 7 | A | 100 | 0.250 | | 5.00 | TELEFAX TRANSMITTAL (20) | ARCH |
| 8478.01 | 08/17/2005 | 9 | A | 110 | | | 1,972.00 | CHECK # 7026 - JIM HOGG DISTRICT CLERK FOR ISSUANCE OF (34) CITATIONS TO BE SERVED VIA CERTIFIED MAIL | ARCH |
| 8478.01 | 08/17/2005 | 9 | A | 110 | | | 51.36 | CHECK # 7027 - ROBERTO L. VELA FOR TRAVEL TO HEBBRONVILLE | ARCH |
| 8478.01 | 08/18/2005 | 9 | A | 1 | 200.00 | 0.25 | 50.00 | PREPARATION OF LETTER TO G. ADAMI REGARDING PROPOSED RULE 11 AGREEMENT. | ARCH |
| 8478.01 | 08/18/2005 | 9 | A | 1 | 200.00 | 0.50 | 100.00 | OFFICE VISIT WITH ATTORNEY ADAMI REGARDING DEADLINES AND AGREEMENT TO PASS ALL DEADLINES ▓▓▓ | ARCH |
| 8478.01 | 08/18/2005 | 7 | A | 98 | | | 4.42 | POSTAGE | ARCH |
| 8478.01 | 08/22/2005 | 34 | A | 1 | 175.00 | 0.25 | 43.75 | REVIEW DESIGNATION OF EXPERTS; | ARCH |
| 8478.01 | 08/23/2005 | 7 | A | 100 | 0.250 | | 0.75 | TELEFAX TRANSMITTAL (3) | ARCH |
| 8478.01 | 08/23/2005 | 9 | A | 99 | | | 12.96 | FEDERAL EXPRESS | ARCH |
| 8478.01 | 08/27/2005 | 7 | A | 98 | | | 5.34 | POSTAGE | ARCH |
| 8478.01 | 08/27/2005 | 7 | A | 102 | 0.200 | | 19.00 | XEROX COPIES @ 20 CENTS EACH (95) | ARCH |
| 8478.01 | 08/31/2005 | 7 | A | 98 | | | 1.06 | POSTAGE | ARCH |
| 8478.01 | 09/09/2005 | 22 | A | 1 | 150.00 | 0.30 | 45.00 | PHONE CONFERENCE WITH ATTORNEY FOR STEPHEN & JOHNSON | ARCH |
| 8478.01 | 09/12/2005 | 7 | A | 98 | | | 5.02 | POSTAGE | ARCH |
| 8478.01 | 09/12/2005 | 7 | A | 102 | 0.200 | | 8.00 | XEROX COPIES @ 20 CENTS EACH ( 40) | ARCH |

| Client | Trans Date | Atty | H P | Ted | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Client ID 8478.01 SCHROEDER/MR. CHARLES** | | | | | | | | | |
| 8478.01 | 09/12/2005 | 9 | A | 99 | | | 13.01 | FEDERAL EXPRESS | ARCH |
| 8478.01 | 09/13/2005 | 7 | A | 98 | | | 0.60 | POSTAGE | ARCH |
| 8478.01 | 09/21/2005 | 7 | A | 98 | | | 0.60 | POSTAGE | ARCH |
| 8478.01 | 09/21/2005 | 7 | A | 98 | | | 9.30 | POSTAGE | ARCH |
| 8478.01 | 09/21/2005 | 7 | A | 102 | 0.200 | | 11.60 | XEROX COPIES @ 20 CENTS EACH (58) | ARCH |
| 8478.01 | 09/21/2005 | 9 | A | 99 | | | 16.49 | FEDERAL EXPRESS | ARCH |
| 8478.01 | 09/22/2005 | 7 | A | 98 | | | 42.90 | POSTAGE | ARCH |
| 8478.01 | 09/22/2005 | 7 | A | 98 | | | 26.75 | POSTAGE | ARCH |
| 8478.01 | 09/23/2005 | 7 | A | 98 | | | 20.67 | POSTAGE | ARCH |
| 8478.01 | 09/26/2005 | 18 | A | 1 | 25.00 | 1.00 | 25.00 | PREPARE FIRST DRAFT OF PLAINTIFFS RESPONSES TO DEFENDANT'S REQUEST FOR DISCLOSURE. | ARCH |
| 8478.01 | 09/26/2005 | 7 | A | 98 | | | 54.77 | POSTAGE | ARCH |
| 8478.01 | 09/27/2005 | 9 | A | 1 | 200.00 | 0.25 | 50.00 | TELEPHONE CONFERENCE WITH CPA PETER GIRADIN; LEFT MESSAGE FOR ATTORNEY RICK COPELON. | ARCH |
| 8478.01 | 09/27/2005 | 7 | A | 98 | | | 4.79 | POSTAGE | ARCH |
| 8478.01 | 09/27/2005 | 7 | A | 102 | 0.200 | | 0.60 | XEROX COPIES @ 20 CENTS EACH (3) | ARCH |
| 8478.01 | 09/28/2005 | 9 | A | 1 | 200.00 | 0.75 | 150.00 | TELEPHONE CONFERENCE WITH ATTORNEY RICK COPELON. | ARCH |
| 8478.01 | 09/28/2005 | 7 | A | 98 | | | 5.16 | POSTAGE | ARCH |
| 8478.01 | 09/28/2005 | 7 | A | 102 | 0.200 | | 1.20 | XEROX COPIES @ 20 CENTS EACH (6) | ARCH |
| 8478.01 | 09/30/2005 | 7 | A | 111 | | | 2,400.00 | REX G. HOWELL, P.E. - CONSULTING SERVICES ▮ | ARCH |
| 8478.01 | 10/13/2005 | 9 | A | 1 | 200.00 | 1.50 | 300.00 | PREPARATION OF LETTER TO ATTORNEY HOLMAN; REVIEW ALL DISCOVERY TO DATE. | ARCH |
| 8478.01 | 10/14/2005 | 9 | A | 1 | 200.00 | 3.00 | 600.00 | PREPARATION OF SECOND AMENDED PETITION. | ARCH |
| 8478.01 | 10/14/2005 | 7 | A | 98 | | | 46.68 | POSTAGE | ARCH |
| 8478.01 | 10/17/2005 | 7 | A | 98 | | | 4.42 | POSTAGE | ARCH |
| 8478.01 | 10/17/2005 | 7 | A | 102 | 0.200 | | 3.20 | XEROX COPIES @ 20 CENTS EACH (16) | ARCH |
| 8478.01 | 10/18/2005 | 7 | A | 98 | | | 0.83 | POSTAGE | ARCH |
| 8478.01 | 10/21/2005 | 22 | A | 1 | 150.00 | 1.00 | 150.00 | PHONE CALL WITH CLIENT; REVIEWED PLEADINGS FILED BY VARIOUS PARTIES | ARCH |
| 8478.01 | 11/01/2005 | 7 | A | 98 | | | 0.60 | POSTAGE $0.60 | ARCH |
| 8478.01 | 11/02/2005 | 7 | A | 98 | | | 0.60 | POSTAGE $0.60 | ARCH |
| 8478.01 | 12/30/2005 | 22 | A | 1 | 150.00 | 1.00 | 150.00 | REVIEWED FILE; WORKED ON DISCOVERY | ARCH |
| 8478.01 | 01/03/2006 | 9 | A | 1 | 225.00 | 1.00 | 225.00 | REVIEW DEFAULT JUDGMENT MATTERS. | ARCH |
| 8478.01 | 01/03/2006 | 7 | A | 100 | 0.250 | | 6.00 | TELEFAX TRANSMITTAL (24) | ARCH |
| 8478.01 | 01/03/2006 | 22 | A | 99 | | | 13.17 | FEDERAL EXPRESS | ARCH |
| 8478.01 | 01/03/2006 | 7 | A | 98 | | | 45.99 | POSTAGE | ARCH |
| 8478.01 | 01/04/2006 | 22 | A | 1 | 175.00 | 1.20 | 210.00 | MET WITH CLIENT; ▮ | ARCH |
| 8478.01 | 01/04/2006 | 6 | A | 1 | 115.00 | 3.40 | 391.00 | INTEROFFICE CONFERENCE WITH MCL; ▮ TRAVEL TIME TO HEBBRONVILLE; | ARCH |
| 8478.01 | 01/04/2006 | 6 | A | 110 | | | 56.62 | CHECK # 7682 - ATTORNEY REIMBURSEMENT FOR TRAVEL EXPENSE TO HEBBRONVILLE | ARCH |
| 8478.01 | 01/05/2006 | 9 | A | 1 | 225.00 | 1.50 | 337.50 | TIME SPENT ON MOTION FOR SUMMARY JUDGMENT MATTERS. | ARCH |
| 8478.01 | 01/05/2006 | 7 | A | 98 | | | 24.03 | POSTAGE | ARCH |
| 8478.01 | 01/05/2006 | 7 | A | 102 | 0.200 | | 4.00 | XEROX COPIES @ 20 CENTS EACH (20) | ARCH |
| 8478.01 | 01/10/2006 | 6 | A | 1 | 115.00 | 0.40 | 46.00 | BEGAN RESEARCHING ▮ | ARCH |
| 8478.01 | 01/13/2006 | 6 | A | 1 | 115.00 | 0.30 | 34.50 | ▮ | ARCH |
| 8478.01 | 01/18/2006 | 6 | A | 1 | 115.00 | 2.20 | 253.00 | ▮ INTEROFFICE CONFERENCE WITH MARTHA DE LLANO; | ARCH |
| 8478.01 | 01/18/2006 | 6 | A | 1 | 115.00 | 1.50 | 172.50 | ▮ | ARCH |
| 8478.01 | 01/19/2006 | 6 | A | 1 | 115.00 | 0.80 | 92.00 | CERTIFICATE OF SERVICE AND AFFIDAVIT ON ATTORNEY'S FEES; | ARCH |
| 8478.01 | 01/24/2006 | 22 | A | 1 | 175.00 | 0.30 | 52.50 | PHONE CONFERENCE WITH ATTORNEY FOR DEFENDANT DONALD SCOTT | ARCH |
| 8478.01 | 01/24/2006 | 6 | A | 1 | 115.00 | 0.20 | 23.00 | WORKING ON NON-MILITARY AFFIDAVIT; | ARCH |
| 8478.01 | 01/27/2006 | 22 | A | 1 | 175.00 | 2.30 | 402.50 | WORKED ON DRAFT OF MOTION FOR SUMMARY JUDGMENT | ARCH |
| 8478.01 | 01/31/2006 | 6 | A | 1 | 115.00 | 0.30 | 34.50 | EDITING MOTION FOR DEFAULT JUDGMENT | ARCH |
| 8478.01 | 02/16/2006 | 22 | A | 1 | 175.00 | 0.50 | 87.50 | PHONE CONFERENCE WITH ATTORNEY FOR MUSEUM REGARDING ▮ | ARCH |
| 8478.01 | 02/16/2006 | 7 | A | 100 | 0.250 | | 0.50 | TELEFAX TRANSMITTAL (2) | ARCH |

| Client | Trans Date | Atty | H P | Tcd | Rate | Hours to Bill | Amount | | Ref# |
|---|---|---|---|---|---|---|---|---|---|
| **Client ID 8478.01 SCHROEDER/MR. CHARLES** | | | | | | | | | |
| 8478.01 | 02/20/2006 | 22 | A | 1 | 175.00 | 0.30 | 52.50 | REVIEWED DOCUMENTS PROVIDED BY CLIENTS | ARCH |
| 8478.01 | 02/24/2006 | 22 | A | 1 | 175.00 | 3.30 | 577.50 | WORKED ON DRAFT OF MOTION FOR SUMMARY JUDGMENT | ARCH |
| 8478.01 | 02/24/2006 | 22 | A | 96 | | | 1.95 | WESTLAW RESEARCH FEE | ARCH |
| 8478.01 | 03/01/2006 | 9 | A | 1 | 225.00 | 4.00 | 900.00 | PREPARATION OF DEFAULT JUDGMENT | ARCH |
| 8478.01 | 03/02/2006 | 6 | A | 1 | 115.00 | 1.00 | 115.00 | REVISE MOTION FOR DEFAULT JUDGMENT AND E-MAIL TO M.C.DELLANO | ARCH |
| 8478.01 | 03/02/2006 | 6 | A | 1 | 115.00 | 0.30 | 34.50 | INTEROFFICE CONFERENCE WITH M.C.DELLANO | ARCH |
| 8478.01 | 03/02/2006 | 6 | A | 1 | 115.00 | 0.30 | 34.50 | RESEARCH ISSUES ▮▮▮ | ARCH |
| 8478.01 | 03/02/2006 | 9 | A | 1 | 225.00 | 0.50 | 112.50 | PREPARATION OF AFFIDAVIT OF REX HOWELL IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT | ARCH |
| 8478.01 | 03/03/2006 | 6 | A | 1 | 115.00 | 0.10 | 11.50 | PRINT CASE FOR M.D. WILLETT | ARCH |
| 8478.01 | 03/03/2006 | 6 | A | 1 | 115.00 | 0.30 | 34.50 | RESEARCH NON-MILITARY STATUS WEBSITE | ARCH |
| 8478.01 | 03/03/2006 | 6 | A | 96 | | | 4.45 | WESTLAW RESEARCH FEE | ARCH |
| 8478.01 | 03/23/2006 | 7 | A | 98 | | | 0.87 | POSTAGE | ARCH |
| 8478.01 | 03/29/2006 | 7 | A | 98 | | | 0.39 | POSTAGE | ARCH |
| 8478.01 | 04/27/2006 | 7 | A | 102 | 0.200 | | 9.60 | XEROX COPIES @ 20 CENTS EACH ( 48) | ARCH |
| 8478.01 | 04/27/2006 | 7 | A | 98 | | | 1.35 | POSTAGE | ARCH |
| 8478.01 | 06/20/2006 | 9 | A | 1 | 225.00 | 0.25 | 56.25 | TELEPHONE CONFERENCE WITH ANA @ 229TH DISTRICT CLERK | ARCH |
| 8478.01 | 08/21/2006 | 7 | A | 100 | 0.250 | | 0.50 | TELEFAX TRANSMITTAL (2) | ARCH |
| 8478.01 | 08/25/2006 | 6 | A | 1 | 140.00 | 2.00 | 280.00 | ▮▮▮▮▮▮▮▮▮ | ARCH |
| 8478.01 | 09/27/2006 | 22 | A | 1 | 175.00 | 2.70 | 472.50 | WORKED ON AMENDED PLEADINGS AND MOTION FOR SUMMARY JUDGMENT | ARCH |
| 8478.01 | 09/27/2006 | 9 | A | 1 | 225.00 | 0.50 | 112.50 | WORK ON PLEADINGS. | ARCH |
| 8478.01 | 09/27/2006 | 7 | A | 102 | 0.200 | | 0.80 | XEROX COPIES @ 20 CENTS EACH ( 4) | ARCH |
| 8478.01 | 10/17/2006 | 22 | A | 1 | 200.00 | 0.50 | 100.00 | MET WITH CLIENTS TO DETERMINE WHICH PARTIES NEED TO BE SUBSTITUTED | ARCH |
| 8478.01 | 10/23/2006 | 22 | A | 1 | 200.00 | 0.40 | 80.00 | PHONE CONFERENCE WITH MRS. GAIL SMOLIK ▮▮▮ | ARCH |
| 8478.01 | 10/26/2006 | 22 | A | 1 | 200.00 | 1.30 | 260.00 | MET WITH CLIENTS TO DISCUSS ▮▮▮ | ARCH |
| 8478.01 | 02/12/2007 | 22 | A | 1 | 200.00 | 0.20 | 40.00 | PHONE CONFERENCES WITH MAX VORDENBAUM REGARDING THE REPLACEMENT OF THEIR ATTORNEY | ARCH |
| 8478.01 | 06/14/2007 | 22 | A | 1 | 200.00 | 0.20 | 40.00 | PHONE CONFERENCE WITH CLIENT | ARCH |
| 8478.01 | 06/29/2007 | 22 | A | 1 | 200.00 | 0.70 | 140.00 | WORKED ON MOTION FOR SUMMARY JUDGMENT | ARCH |
| 8478.01 | 07/06/2007 | 7 | A | 98 | | | 64.19 | POSTAGE | ARCH |
| 8478.01 | 08/01/2007 | 22 | A | 1 | 200.00 | 1.00 | 200.00 | REVIEWED FILE; LETTER TO CLIENTS | ARCH |
| 8478.01 | 08/01/2007 | 7 | A | 98 | | | 5.34 | POSTAGE | ARCH |
| 8478.01 | 08/01/2007 | 7 | A | 98 | | | 7.64 | POSTAGE | ARCH |
| 8478.01 | 08/02/2007 | 7 | A | 98 | | | 5.08 | POSTAGE | ARCH |
| 8478.01 | 08/13/2007 | 9 | A | 1 | 250.00 | 0.50 | 125.00 | PREPARATION OF AMENDED PLEADINGS | ARCH |
| 8478.01 | 08/13/2007 | 22 | A | 1 | 200.00 | 1.00 | 200.00 | PHONE CONFERENCE WITH ATTORNEY FOR STEPHEN & JOHNSON; REVIEWED DEED RECORDS; REVIEWED FILE WITH REGARD TO AMENDED PETITION | ARCH |
| 8478.01 | 08/14/2007 | 22 | A | 1 | 200.00 | 3.00 | 600.00 | ELECTRONIC CORRESPONDENCE WITH CLIENT; SEARCHED ZAPATA AND JIM HOGG COUNTY ▮▮▮ WORKED ON 3RD AMENDED PETITION | ARCH |
| 8478.01 | 08/14/2007 | 7 | A | 100 | 0.250 | | 0.50 | TELEFAX TRANSMITTAL (2) | ARCH |
| 8478.01 | 08/14/2007 | 7 | A | 98 | | | 1.65 | POSTAGE | ARCH |
| 8478.01 | 08/15/2007 | 9 | A | 1 | 250.00 | 0.75 | 187.50 | PREPARATION OF LETTER TO ATTORNEY RIVERA; TIME SPENT FINALIZING AMENDED PETITION. | ARCH |
| 8478.01 | 08/15/2007 | 22 | A | 1 | 200.00 | 1.60 | 320.00 | REVIEWED CORRESPONDENCE FROM STEPHEN & JOHNSON'S ATTORNEY; PHONE CONFERENCES WITH STEPHEN & JOHNSON'S ATTORNEY; PHONE CONFERENCE WITH CLIENT; LETTER TO STEPHEN & JOHNSON'S ATTORNEY | ARCH |
| 8478.01 | 08/15/2007 | 7 | A | 102 | 0.200 | | 112.00 | XEROX COPIES @ 20 CENTS EACH ( 560) | ARCH |
| 8478.01 | 08/15/2007 | 7 | A | 98 | | | 51.15 | POSTAGE | ARCH |
| 8478.01 | 08/15/2007 | 9 | A | 99 | | | 14.49 | FEDERAL EXPRESS | ARCH |

| Client | Trans Date | Atty | H P | Tcd | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| Client ID 8478.01 SCHROEDER/MR. CHARLES | | | | | | | | | |
| 8478.01 | 08/16/2007 | 22 | A | 1 | 200.00 | 2.60 | 520.00 | WORKED ON REQUESTS FOR PRODUCTION; MET WITH CLIENTS | ARCH |
| 8478.01 | 08/17/2007 | 22 | A | 1 | 200.00 | 0.40 | 80.00 | REVIEWED FILE; LETTER TO STEPHEN & JOHNSON'S ATTORNEY | ARCH |
| 8478.01 | 08/17/2007 | 7 | A | 100 | 0.250 | | 0.75 | TELEFAX TRANSMITTAL (3) | ARCH |
| 8478.01 | 08/17/2007 | 7 | A | 98 | | | 17.72 | POSTAGE | ARCH |
| 8478.01 | 08/20/2007 | 22 | A | 1 | 200.00 | 0.30 | 60.00 | PHONE CONFERENCES WITH AGUSTIN RIVERA'S OFFICE | ARCH |
| 8478.01 | 08/20/2007 | 7 | A | 98 | | | 40.39 | POSTAGE | ARCH |
| 8478.01 | 08/20/2007 | 9 | A | 99 | | | 14.49 | FEDERAL EXPRESS | ARCH |
| 8478.01 | 08/21/2007 | 22 | A | 1 | 200.00 | 0.50 | 100.00 | PHONE CONFERENCE WITH MAX VORDENBAUM; PHONE CONFERENCE WITH AGUSTIN RIVERA'S OFFICE; LETTER TO CLIENTS | ARCH |
| 8478.01 | 09/19/2007 | 22 | A | 1 | 200.00 | 0.40 | 80.00 | REVIEWED RESPONSES TO PLAINTIFFS REQUEST FOR PRODUCTION | ARCH |
| 8478.01 | 09/20/2007 | 9 | A | 1 | 250.00 | 1.00 | 250.00 | REVIEW RESPONSES TO REQUEST FOR PRODUCTION; PREPARATION OF FIRST DRAFT OF OPPORTUNITY TO CURE LETTER; TELEPHONE CONFERENCE WITH ATTORNEY RIVERA. | ARCH |
| 8478.01 | 09/26/2007 | 22 | A | 1 | 200.00 | 0.10 | 20.00 | ELECTRONIC CORRESPONDANCE WITH CLIENT | ARCH |
| 8478.01 | 10/03/2007 | 22 | A | 1 | 200.00 | 1.20 | 240.00 | REVIEWED RESPONSES TO REQUESTS FOR DISCLOSURE AND PROPOSED LETTER TO BE SENT TO OPPOSING COUNSEL REGARDING SUCH RESPONSES | ARCH |
| 8478.01 | 10/03/2007 | 9 | A | 1 | 250.00 | 0.50 | 125.00 | FINALIZATION OF OPPORTUNITY TO CURE LETTER. | ARCH |
| 8478.01 | 10/03/2007 | 7 | A | 102 | 0.200 | | 2.40 | XEROX COPIES @ 20 CENTS EACH (12) | ARCH |
| 8478.01 | 10/03/2007 | 7 | A | 98 | | | 6.44 | POSTAGE | ARCH |
| 8478.01 | 10/29/2007 | 22 | A | 1 | 200.00 | 0.10 | 20.00 | LEFT MESSAGE WITH ATTORNEY FOR STEPHEN & JOHNSON | ARCH |
| 8478.01 | 10/30/2007 | 22 | A | 1 | 200.00 | 1.30 | 260.00 | VARIOUS PHONE CONFERENCES WITH ATTORNEY FOR STEPHEN & JOHNSON; REVIEWED FILE; INTERNAL ELECTRONIC CORRESPONDENCE | ARCH |
| 8478.01 | 10/31/2007 | 9 | A | 1 | 250.00 | 0.50 | 125.00 | PREPARATION OF LETTER TO AUGIE RIVERA; TELEPHONE CONFERENCE WITH COURT COORDINATOR; INTEROFFICE CONFERENCE WITH ATTORNEY RAUL LEAL ▆▆▆▆▆ | ARCH |
| 8478.01 | 10/31/2007 | 7 | A | 98 | | | 197.40 | POSTAGE | ARCH |
| 8478.01 | 10/31/2007 | 7 | A | 102 | 0.200 | | 346.40 | XEROX COPIES @ 20 CENTS EACH (1732) | ARCH |
| 8478.01 | 11/01/2007 | 22 | A | 1 | 200.00 | 0.50 | 100.00 | PHONE CONFERENCE WITH CLIENTS | ARCH |
| 8478.01 | 11/02/2007 | 22 | A | 1 | 200.00 | 0.60 | 120.00 | REVIEWED FILE; PHONE CONFERENCE WITH CLIENT; ELECTRONIC CORRESPONDENCE WITH CLIENTS | ARCH |
| 8478.01 | 11/02/2007 | 22 | A | 1 | 200.00 | | 0.00 | | ARCH |
| 8478.01 | 11/02/2007 | 7 | A | 100 | 0.250 | | 1.25 | TELEFAX TRANSMITTAL (5) | ARCH |
| 8478.01 | 11/02/2007 | 7 | A | 102 | 0.200 | | 14.40 | XEROX COPIES @ 20 CENTS EACH (72) | ARCH |
| 8478.01 | 11/02/2007 | 7 | A | 98 | | | 106.64 | POSTAGE | ARCH |
| 8478.01 | 11/05/2007 | 22 | A | 1 | 200.00 | 0.20 | 40.00 | PHONE CONFERENCE WITH CLIENT REGARDING ▆▆▆▆▆▆ | ARCH |
| 8478.01 | 11/09/2007 | 7 | A | 102 | 0.200 | | 7.80 | XEROX COPIES @ 20 CENTS EACH (39) | ARCH |
| 8478.01 | 11/09/2007 | 7 | A | 98 | | | 2.25 | POSTAGE | ARCH |
| 8478.01 | 11/20/2007 | 22 | A | 1 | 200.00 | 0.80 | 160.00 | REVIEWED FILE; VARIOUS PHONE CONFERENCES WITH ATTORNEY FOR STEPHEN & JOHNSON | ARCH |
| 8478.01 | 11/21/2007 | 22 | A | 1 | 200.00 | 0.50 | 100.00 | PHONE CONFERENCE WITH STEPHEN & JOHNSON | ARCH |
| 8478.01 | 11/27/2007 | 22 | A | 1 | 200.00 | 1.30 | 260.00 | REVIEWED FILE IN PREPARATION FOR MEDIATION | ARCH |
| 8478.01 | 11/28/2007 | 9 | A | 1 | 250.00 | 3.00 | 750.00 | TELEPHONE CONFERENCE WITH AUGIE RIVERA; TELEPHONE CONFERENCE WITH COURT COORDINATOR REGARDING PREPARATION OF MEDIATION STATEMENT; TELEPHONE CONFERENCE WITH ANDY LEHRMAN'S OFFICE. | ARCH |
| 8478.01 | 11/28/2007 | 22 | A | 1 | 200.00 | 3.50 | 700.00 | PHONE CONFERENCE WITH ATTORNEY FOR STEPHEN & JOHNSON; PREPARED FOR MEDIATION SESSION | ARCH |
| 8478.01 | 11/28/2007 | 17 | A | 96 | | | 42.97 | WESTLAW RESEARCH FEE | ARCH |
| 8478.01 | 11/29/2007 | 22 | A | 1 | 200.00 | 4.50 | 900.00 | REVIEWED CASELAW ▆▆▆▆▆▆ PREPARED FOR MEDIATION WITH STEPHEN & JOHNSON | ARCH |
| 8478.01 | 11/29/2007 | 7 | A | 100 | 0.250 | | 1.75 | TELEFAX TRANSMITTAL (7) | ARCH |
| 8478.01 | 11/29/2007 | 7 | A | 100 | 0.250 | | 1.75 | TELEFAX TRANSMITTAL (7) | ARCH |
| 8478.01 | 11/29/2007 | 7 | A | 100 | 0.250 | | 1.75 | TELEFAX TRANSMITTAL (7) | ARCH |

| Client | Trans Date | Atty | H P | Ted | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| Client ID 8478.01 SCHROEDER/MR. CHARLES | | | | | | | | | |
| 8478.01 | 11/30/2007 | 22 | A | 1 | 200.00 | 10.00 | 2,000.00 | TRAVELED TO AND FROM CORPUS CHRISTI TO ATTEND MEDIATION SESSION WITH STEPHEN & JOHNSON | ARCH |
| 8478.01 | 11/30/2007 | 9 | A | 110 | | | 1,000.00 | CHECK # 10813 - ANDY LEHRMAN FOR MEDIATION | ARCH |
| 8478.01 | 12/03/2007 | 22 | A | 1 | 200.00 | 0.20 | 40.00 | PHONE CONFERENCE WITH AGUSTIN RIVERA'S OFFICE | ARCH |
| 8478.01 | 12/04/2007 | 7 | A | 98 | | | 5.21 | POSTAGE | ARCH |
| 8478.01 | 12/04/2007 | 7 | A | 102 | 0.200 | | 0.40 | XEROX COPIES @ 20 CENTS EACH ( 2) | ARCH |
| 8478.01 | 12/06/2007 | 22 | A | 1 | 200.00 | 0.30 | 60.00 | REVIEWED rULE 11 AGREEMENT TO BE ENTERED WITH STEPHEN & JOHNSON | ARCH |
| 8478.01 | 12/12/2007 | 22 | A | 1 | 200.00 | 1.00 | 200.00 | WORKED ON TERMS OF MEDIATION AGREEMENT AND E-MAILED TO ATTORNEY FOR STEPHENS & JOHNSON | ARCH |
| 8478.01 | 12/12/2007 | 9 | A | 1 | 250.00 | 0.25 | 62.50 | PREPARATION OF CONFIDENTIAL MEDIATION AGREEMENT. | ARCH |
| 8478.01 | 12/13/2007 | 22 | A | 1 | 200.00 | 0.20 | 40.00 | PHONE CONFERENCE WITH CLIENT | ARCH |
| 8478.01 | 12/24/2007 | 9 | A | 1 | 250.00 | 0.50 | 125.00 | REVIEW RESPONSE FORM STEPHENS AND JOHNSON'S ATTORNEY TO MEDIATION AGREEMENT; | ARCH |
| 8478.01 | 12/28/2007 | 22 | A | 1 | 200.00 | 0.20 | 40.00 | REVIEWED ELECTRONIC MAIL TO STEPHENS & JOHNSON'S ATTORNEY | ARCH |
| 8478.01 | 01/11/2008 | 22 | A | 1 | 200.00 | 0.10 | 20.00 | E-MAIL TO CLIENTS | ARCH |
| 8478.01 | 01/21/2008 | 9 | A | 1 | 250.00 | 0.25 | 62.50 | TELEPHONE CONFERENCE WITH OPPOSING COUNSEL. | ARCH |
| 8478.01 | 01/22/2008 | 7 | A | 100 | 0.250 | | 0.50 | TELEFAX TRANSMITTAL ( 2) | ARCH |
| 8478.01 | 01/22/2008 | 7 | A | 100 | 0.250 | | 0.50 | TELEFAX TRANSMITTAL ( 2) | ARCH |
| 8478.01 | 01/23/2008 | 22 | A | 1 | 200.00 | 0.40 | 80.00 | REVIEWED LETTER AND CASE | ARCH |
| 8478.01 | 01/25/2008 | 22 | A | 1 | 200.00 | 0.50 | 100.00 | REVIEWED CASELAW | ARCH |
| 8478.01 | 01/28/2008 | 22 | A | 1 | 200.00 | 1.20 | 240.00 | WORKED ON CORRESPONDENCE TO CLIENTS AND STEPHEN & JOHNSON | ARCH |
| 8478.01 | 01/31/2008 | 9 | A | 1 | 250.00 | 1.00 | 250.00 | TIME SPENT ON PREPARING COUNTER OFFER; LETTER TO CLIENT. | ARCH |
| 8478.01 | 01/31/2008 | 22 | A | 1 | 200.00 | 0.20 | 40.00 | FINALIZED AND SENT LETTER TO CLIENTS | ARCH |
| 8478.01 | 01/31/2008 | 7 | A | 98 | | | 2.96 | POSTAGE | ARCH |
| 8478.01 | 01/31/2008 | 7 | A | 102 | 0.200 | | 9.60 | XEROX COPIES @ 20 CENTS EACH ( 48) | ARCH |
| 8478.01 | 02/05/2008 | 22 | A | 1 | 200.00 | 0.30 | 60.00 | PHONE CONFERENCE WITH ATTORNEY FOR STEPHEN & JOHNSON | ARCH |
| 8478.01 | 02/11/2008 | 22 | A | 1 | 200.00 | 0.20 | 40.00 | PHONE CONFERENCE WITH CLIENT | ARCH |
| 8478.01 | 02/13/2008 | 22 | A | 1 | 200.00 | 2.20 | 440.00 | MET WITH CLIENTS REGARDING FINALIZED LETTER TO MR. RIVERA | ARCH |
| 8478.01 | 02/14/2008 | 7 | A | 100 | 0.250 | | 1.50 | TELEFAX TRANSMITTAL ( 6) | ARCH |
| 8478.01 | 02/15/2008 | 22 | A | 1 | 200.00 | 0.50 | 100.00 | REVIEWED TEXAS RAILROAD COMMISSION; E-MAIL TO CLIENT | ARCH |
| 8478.01 | 03/25/2008 | 22 | A | 1 | 200.00 | 0.20 | 40.00 | REVIEWED FILE AND CORRESPONDENCE FROM COURT | ARCH |
| 8478.01 | 04/04/2008 | 22 | A | 1 | 200.00 | 0.40 | 80.00 | REVIEWED CORRESPONDENCE FROM S&J'S ATTORNEY; REVIEWED FILE | ARCH |
| 8478.01 | 04/04/2008 | 7 | A | 100 | 0.250 | | 0.75 | TELEFAX TRANSMITTAL ( 3) | ARCH |
| 8478.01 | 04/08/2008 | 22 | A | 1 | 200.00 | 0.30 | 60.00 | PHONE CONFERENCE WITH AGUSTIN RIVERA; REVIEWED SETTLEMENT PROPOSAL | ARCH |
| 8478.01 | 04/08/2008 | 9 | A | 1 | 250.00 | 0.50 | 125.00 | INTEROFFICE CONFERENCE WITH ATTORNEY RAUL LEAL. | ARCH |
| 8478.01 | 06/18/2008 | 22 | A | 1 | 200.00 | 0.20 | 40.00 | ELECTRONIC CORRESPONDENCE WITH CLIENT | ARCH |
| 8478.01 | 06/24/2008 | 9 | A | 1 | 250.00 | 0.25 | 62.50 | TELEPHONE CONFERENCE WITH OPPOSING COUNSEL. | ARCH |
| 8478.01 | 06/30/2008 | 9 | A | 1 | 250.00 | 3.00 | 750.00 | TRAVEL TO AND FROM HEBBRONVILLE; ATTENDANCE AT PRE-TRIAL CONFERENCE. | ARCH |
| 8478.01 | 08/04/2008 | 9 | A | 1 | 250.00 | 1.00 | 250.00 | PREPARATION OF PRETRIAL GUIDELINE ORDER. | ARCH |
| 8478.01 | 08/14/2008 | 9 | A | 110 | | | 48.50 | CHECK # 11854 - ATTORNEY REIMBURSEMENT FOR TRAVEL TO HEBBRONVILLE, TEXAS | ARCH |
| 8478.01 | 09/12/2008 | 18 | A | 1 | 75.00 | 2.00 | 150.00 | (GMB) SCHEDULE TELEPHONIC CONFERENCE FOR SEPTEMBER 26, 2008; DRAFT LETTER TO ALL COUNSEL AND COURT COORDINATOR REGARDING CONFERENCE DETAILS. | ARCH |
| 8478.01 | 09/12/2008 | 7 | A | 100 | 0.250 | | 13.75 | TELEFAX TRANSMITTAL ( 55) | ARCH |
| 8478.01 | 09/26/2008 | 9 | A | 1 | 250.00 | 3.00 | 750.00 | ATTENDANCE AT TELEPHONIC CONFERENCE WITH COURT TO ENTER GUIDELINE ORDER; TELEPHONE | ARCH |

| Client | Trans Date | Atty | H P | Tcd | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----|------|--------------|--------|---|-------|

Client ID 8478.01 SCHROEDER/MR. CHARLES

| Client | Trans Date | Atty | H P | Tcd | Rate | Hours to Bill | Amount | Description | Ref # |
|--------|-----------|------|-----|-----|------|--------------|--------|-------------|-------|
| | | | | | | | | CONFERENCE WITH OPPOSING COUNSEL REGARDING ▮▮▮▮ PREPARATION OF PROPOSED RELEASE. | |
| 8478.01 | 10/28/2008 | 9 | A | 110 | | | 35.80 | CHECK # 12159 - VERIZON CONFERENCING ON 9/26/08 | ARCH |
| 8478.01 | 01/01/2009 | 7 | A | 100 | 0.250 | | 0.50 | TELEFAX TRANSMITTAL (2) | ARCH |
| 8478.01 | 03/03/2009 | 9 | A | 1 | 250.00 | 0.50 | 125.00 | TELEPHONE CONFERENCE WITH OPPOSING COUNSEL. | ARCH |
| 8478.01 | 04/05/2009 | 7 | A | 100 | 0.250 | | 0.75 | TELEFAX TRANSMITTAL (3) | ARCH |
| 8478.01 | 04/21/2009 | 22 | A | 1 | 200.00 | 0.20 | 40.00 | PHONE CONFERENCE WITH ATTORNEY FOR ONE OF DEFENDANTS | ARCH |
| 8478.01 | 04/23/2009 | 22 | A | 1 | 200.00 | 0.10 | 20.00 | PHONE CONFERENCE WITH ATTORNEY FOR ONE OF THE DEFENDANTS | ARCH |
| 8478.01 | 05/05/2009 | 9 | A | 1 | 250.00 | 2.50 | 625.00 | TELEPHONE CONFERENCE WITH OPPOSING COUNSEL; PREPARATION OF RULE 11 AGREEMENT; TELEPHONE CONFERENCE WITH COURT PERSONNEL. | ARCH |
| 8478.01 | 05/05/2009 | 7 | A | 98 | | | 8.43 | POSTAGE | ARCH |
| 8478.01 | 05/05/2009 | 7 | A | 102 | 0.200 | | 7.20 | XEROX COPIES @ 20 CENTS EACH (36) | ARCH |
| 8478.01 | 05/12/2009 | 7 | A | 98 | | | 3.29 | POSTAGE | ARCH |
| 8478.01 | 05/21/2009 | 22 | A | 1 | 200.00 | 0.20 | 40.00 | PHONE CONFERENCE WITH CLIENT | ARCH |
| 8478.01 | 09/21/2009 | 22 | A | 1 | 250.00 | 0.10 | 25.00 | DISCUSSED PRE-TRIAL GUIDELINE ORDER; ELECTRONIC CORRESPONDENCE WITH CLIENT | ARCH |
| 8478.01 | 11/07/2009 | 7 | A | 100 | 0.250 | | 2.00 | TELEFAX TRANSMITTAL (8) | ARCH |
| 8478.01 | 11/11/2009 | 24 | A | 1 | 30.00 | 1.00 | 30.00 | (GMB) DRAFT AGREED MOTION FOR CONTINUANCE OF TRIAL SETTINGS. | ARCH |
| 8478.01 | 12/04/2009 | 9 | A | 1 | 250.00 | 2.00 | 500.00 | TELEPHONE CONFERENCE WITH OPPOSING COUNSEL REGARDING CONTINUANCE; PREPARATION OF MOTION FOR CONTINUANCE; TELEPHONE CONFERENCE WITH COURT PERSONNEL. | ARCH |
| 8478.01 | 12/07/2009 | 9 | A | 1 | 250.00 | 0.50 | 125.00 | PREPARATION OF AGREED MOTION FOR CONTINUANCE. | ARCH |
| 8478.01 | 12/07/2009 | 7 | A | 102 | 0.200 | | 16.20 | XEROX COPIES @ 20 CENTS EACH (81) | ARCH |
| 8478.01 | 12/07/2009 | 7 | A | 98 | | | 47.07 | POSTAGE | ARCH |
| 8478.01 | 12/11/2009 | 22 | A | 1 | 250.00 | 0.20 | 50.00 | REVIEWED FILE; ELECTRONIC CORRESPONDENCE WITH CLIENT | ARCH |
| 8478.01 | 12/23/2009 | 7 | A | 98 | | | 0.88 | POSTAGE | ARCH |
| 8478.01 | 06/07/2010 | 22 | A | 1 | 275.00 | 0.70 | 192.50 | MEETING WITH CLIENT REGARDING SEVERAL MATTERS ▮▮▮▮ | ARCH |
| 8478.01 | 06/08/2010 | 9 | A | 1 | 300.00 | 0.25 | 75.00 | TELEPHONE CONFERENCE WITH MR. RIVERA. | ARCH |
| 8478.01 | 06/29/2010 | 22 | A | 1 | 275.00 | 0.60 | 165.00 | ▮▮▮▮ | ARCH |
| 8478.01 | 07/13/2010 | 22 | A | 1 | 275.00 | 0.70 | 192.50 | MEETING WITH CLIENT REGARDING SEVERAL MATTERS | ARCH |
| 8478.01 | 07/16/2010 | 22 | A | 1 | 275.00 | 0.20 | 55.00 | REVIEWED FILE; ELECTRONIC CORRESPONDENCE WITH ROBERT KENT | ARCH |
| 8478.01 | 07/19/2010 | 22 | A | 1 | 275.00 | 0.10 | 27.50 | ▮▮▮▮ | ARCH |
| 8478.01 | 09/03/2010 | 7 | A | 100 | 0.250 | | 20.00 | TELEFAX TRANSMITTAL (80) | ARCH |
| 8478.01 | 09/03/2010 | 7 | A | 98 | | | 4.71 | POSTAGE | ARCH |
| 8478.01 | 09/03/2010 | 7 | A | 102 | 0.200 | | 12.60 | XEROX COPIES @ 20 CENTS EACH (63) | ARCH |
| 8478.01 | 09/03/2010 | 9 | A | 99 | | | 16.08 | FEDERAL EXPRESS | ARCH |
| 8478.01 | 09/07/2010 | 7 | A | 100 | 0.250 | | 12.50 | TELEFAX TRANSMITTAL (50) | ARCH |
| 8478.01 | 01/17/2011 | 7 | A | 100 | 0.250 | | 1.00 | TELEFAX TRANSMITTAL (4) | ARCH |
| 8478.01 | 01/25/2011 | 9 | A | 99 | | | 21.29 | FEDERAL EXPRESS | ARCH |
| 8478.01 | 01/26/2011 | 7 | A | 100 | 0.250 | | 10.00 | TELEFAX TRANSMITTAL (40) | ARCH |
| 8478.01 | 01/26/2011 | 7 | A | 98 | | | 4.84 | POSTAGE | ARCH |
| 8478.01 | 01/26/2011 | 7 | A | 102 | 0.200 | | 7.20 | XEROX COPIES @ 20 CENTS EACH (36) | ARCH |
| 8478.01 | 06/02/2011 | 37 | A | 1 | 30.00 | 0.50 | 15.00 | TELEPHONE CONFERENCE WITH CLIENT REGARDING HEARINGS SET ON THE CASE; TELEPHONE CONFERENCE WITH ANA SAENZ REGARDING SETTINGS OF 09/06/11, 10/11/2011, 11/07/11 OR 12/05/11; E-MAIL MS. DE LLANO SAME INFORMATION. | ARCH |
| 8478.01 | 01/10/2012 | 26 | A | 1 | 200.00 | 0.20 | 40.00 | CALLED MR. SCHROEDER RE ▮▮▮▮ | ARCH |
| 8478.01 | 01/30/2012 | 26 | A | 1 | 200.00 | 0.40 | 80.00 | REVIEWED CASE AND CONFERRED WITH ATTORNEY RE: STRATEGY AND UPCOMING DEADLINES | ARCH |

| Client | Trans Date | Atty | H P | Tcd | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| Client ID 8478.01 SCHROEDER/MR. CHARLES | | | | | | | | | |
| 8478.01 | 02/29/2012 | 26 | A | 1 | 200.00 | 1.00 | 123.08 | REVIEWED CLIENT INFORMATION AND ▓ | ARCH |
| 8478.01 | 03/01/2012 | 26 | A | 1 | 200.00 | 0.70 | 86.15 | TELECONFERENCE WITH CLIENT; CONFERRED WITH ATTORNEY CLAY PERSON | ARCH |
| 8478.01 | 03/20/2012 | 26 | A | 1 | 200.00 | 0.10 | 12.31 | ▓ | ARCH |
| 8478.01 | 03/21/2012 | 26 | A | 1 | 200.00 | 0.40 | 49.23 | ▓ | ARCH |
| 8478.01 | 03/23/2012 | 26 | A | 1 | 200.00 | 0.50 | 61.54 | ▓ | ARCH |
| 8478.01 | 03/26/2012 | 26 | A | 1 | 200.00 | 2.50 | 307.69 | TELECONFERENCE WITH CHARLES SCHROEDER; WORKED ON LETTERS OF INTENT | ARCH |
| 8478.01 | 03/29/2012 | 26 | A | 1 | 200.00 | 1.00 | 200.00 | REVIEWED SCHROEDER CASE AND ANALYZED AGREEMENTS | ARCH |
| 8478.01 | 04/20/2012 | 26 | A | 1 | 200.00 | 0.80 | 160.00 | REVIEW FILE; SEARCH FOR FILING PROCEDURES ON DOCKET CONTROL ORDERS; CALL JIM HOGG 229TH COURT, SPOKE W/EDWINA; PREPARED DOCKET CONTROL ORDER | ARCH |
| 8478.01 | 04/23/2012 | 7 | A | 98 | | | 65.90 | POSTAGE | ARCH |
| 8478.01 | 04/23/2012 | 7 | A | 102 | 0.200 | | 11.00 | XEROX COPIES @ 20 CENTS EACH ( 55) | ARCH |
| 8478.01 | 04/30/2012 | 26 | A | 1 | 200.00 | 1.00 | 200.00 | REVIEWED CASE AND SCHEDULED MEETING WITH RAUL LEAL; EMAILED RAUL LEAL; | ARCH |
| 8478.01 | 05/02/2012 | 26 | A | 1 | 200.00 | 2.00 | 400.00 | WORKED ON MOTION FOR HEARING; | ARCH |
| 8478.01 | 05/07/2012 | 26 | A | 1 | 200.00 | 0.30 | 60.00 | TELEPHONE CONFERENCE WITH CHARLES SCHROEDER; | ARCH |
| 8478.01 | 05/10/2012 | 26 | A | 1 | 200.00 | 3.00 | 600.00 | PREPARED FOR MEETING WITH RAUL; REVIEWED CLAIMS, CLAIMS SUMMARY JUDGMENT EVIDENCE; DISCOVERY FILES; PRODUCTION INFORMATION AND ▓ CONFERRED WITH ATTORNEY; | ARCH |
| 8478.01 | 05/11/2012 | 26 | A | 1 | 200.00 | 2.50 | 500.00 | PREPARED TO MEET WITH RAUL LEAL; REVIEWED DISCOVERY DOCUMENTS; CONFERRED WITH ATTORNEY; REVIEWED PRODUCTION INFORMATION; | ARCH |
| 8478.01 | 05/24/2012 | 26 | A | 1 | 200.00 | 1.00 | 200.00 | CALLED THE COURT; WORKED ON CURRENT TRIAL DATES; WORKED ON RULE 11 AGREEMENT; | ARCH |
| 8478.01 | 05/25/2012 | 26 | A | 1 | 200.00 | 2.00 | 400.00 | DRAFTED AND COMPLETED A RULE 11 AGREEMENT WITH COUNSEL; WORKED ON PRE TRIAL GUIDELINE ORDER DATES TO SUBMIT TO OPPOSING COUNSEL; | ARCH |
| 8478.01 | 05/25/2012 | 7 | A | 98 | | | 11.90 | POSTAGE | ARCH |
| 8478.01 | 05/25/2012 | 7 | A | 100 | 0.250 | | 10.00 | TELEFAX TRANSMITTAL ( 40) | ARCH |
| 8478.01 | 05/29/2012 | 26 | A | 1 | 200.00 | 0.50 | 100.00 | WORKED ON CONTINUANCE; | ARCH |
| 8478.01 | 05/29/2012 | 7 | A | 100 | 0.250 | | 1.25 | TELEFAX TRANSMITTAL ( 5) | ARCH |
| 8478.01 | 05/30/2012 | 26 | A | 1 | 200.00 | 1.30 | 260.00 | WORKED ON EXTENSION; | ARCH |
| 8478.01 | 05/30/2012 | 7 | A | 100 | 0.250 | | 1.25 | TELEFAX TRANSMITTAL ( 5) | ARCH |
| 8478.01 | 05/31/2012 | 26 | A | 1 | 200.00 | 0.80 | 160.00 | WORKED ON GETTING AN AGREEMENT REGARDING MONDAY'S HEARING | ARCH |
| 8478.01 | 06/01/2012 | 26 | A | 1 | 200.00 | 1.50 | 300.00 | CONFERRED WITH DEFENDANT'S COUNSEL; WORKED ON CORRESPONDENCE WITH ALL COUNSEL; WORKED ON RESETTING HEARING TO SAVE TRIP TO HEBBRONVILLE. | ARCH |
| 8478.01 | 06/19/2012 | 26 | A | 1 | 200.00 | 0.50 | 100.00 | CALLED COURT FOR TRIAL DATES | ARCH |
| 8478.01 | 06/20/2012 | 26 | A | 1 | 200.00 | 1.50 | 300.00 | WORKED ON PRETRIAL GUIDELINE ORDER | ARCH |
| 8478.01 | 06/20/2012 | 7 | A | 98 | | | 11.50 | POSTAGE | ARCH |
| 8478.01 | 06/20/2012 | 7 | A | 100 | 0.250 | | 12.00 | TELEFAX TRANSMITTAL ( 48) | ARCH |
| 8478.01 | 06/21/2012 | 7 | A | 100 | 0.250 | | 3.75 | TELEFAX TRANSMITTAL ( 15) | ARCH |
| 8478.01 | 06/25/2012 | 26 | A | 1 | 200.00 | 0.50 | 100.00 | CORRESPONDENCE RE: PRETRIAL GUIDELINE ORDER | ARCH |
| 8478.01 | 06/25/2012 | 7 | A | 100 | 0.250 | | 16.00 | TELEFAX TRANSMITTAL ( 64) | ARCH |
| 8478.01 | 06/26/2012 | 26 | A | 1 | 200.00 | 0.30 | 60.00 | TALKED WITH CLIENT VIA TELEPHONE | ARCH |
| 8478.01 | 06/29/2012 | 26 | A | 1 | 200.00 | 0.50 | 100.00 | LEFT DETAILED MESSAGE WITH AUGUSTINE RIVERA"S SECRETARY; SPOKE TO CLIENT | ARCH |
| 8478.01 | 06/29/2012 | 7 | A | 98 | | | 7.00 | POSTAGE | ARCH |
| 8478.01 | 07/09/2012 | 26 | A | 1 | 200.00 | 2.00 | 400.00 | DRAFTED LETTER TO COUNSEL RE: PRE TRIAL GUIDELINE ORDER AND SETTLEMENT AGREEMENT; REVIEWED CORRESPONDENCE; CONFERRED WITH SECRETARY REGARDING JUDGES SIGNATURE OF PRE TRIAL GUIDELINE | ARCH |

**Detail Transaction File List**
PERSON, WHITWORTH, BORCHERS & MORALES, LLP

| Client | Trans Date | Atty | H P | Tcd | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| Client ID 8478.01 SCHROEDER/MR. CHARLES | | | | | | | | | |
| | | | | | | | | ORDER; | |
| 8478.01 | 07/10/2012 | 26 | A | 1 | 200.00 | 0.30 | 60.00 | VALUED CLAIM AND CONFERRED WITH LAW CLERK REGARDING PROJECT; TELEPHONE CONFERENCE WITH AUGUSTINE RIVERA; | ARCH |
| 8478.01 | 07/10/2012 | 26 | A | 1 | 200.00 | 0.50 | 100.00 | TELEPHONE CONVERSATION WITH AUGUSTINE RIVERA | ARCH |
| 8478.01 | 07/10/2012 | 7 | A | 100 | 0.250 | | 0.50 | TELEFAX TRANSMITTAL (2) | ARCH |
| 8478.01 | 07/10/2012 | 26 | A | 99 | | | 17.91 | FEDERAL EXPRESS | ARCH |
| 8478.01 | 07/11/2012 | 26 | A | 1 | 200.00 | 0.50 | 100.00 | WORKED ON CASE ISSUES; FOLLOWED UP WITH COUNSEL | ARCH |
| 8478.01 | 07/11/2012 | 7 | A | 100 | 0.250 | | 0.75 | TELEFAX TRANSMITTAL (3) | ARCH |
| 8478.01 | 07/13/2012 | 26 | A | 1 | 200.00 | 1.00 | 200.00 | CONFERRED REGARDING TRIAL DATES TO AVOID MONDAY HEARING IN HEBBRONVILLE | ARCH |
| 8478.01 | 07/13/2012 | 7 | A | 98 | | | 5.95 | POSTAGE | ARCH |
| 8478.01 | 07/13/2012 | 7 | A | 100 | 0.250 | | 6.00 | TELEFAX TRANSMITTAL (24) | ARCH |
| 8478.01 | 07/13/2012 | 7 | A | 100 | 0.250 | | 3.75 | TELEFAX TRANSMITTAL (15) | ARCH |
| 8478.01 | 07/13/2012 | 7 | A | 100 | 0.250 | | 2.00 | TELEFAX TRANSMITTAL (8) | ARCH |
| 8478.01 | 07/19/2012 | 9 | A | 1 | 300.00 | 0.25 | 75.00 | PREPARATION OF LETTER TO MEDIATOR; | ARCH |
| 8478.01 | 07/19/2012 | 7 | A | 100 | 0.250 | | 1.00 | TELEFAX TRANSMITTAL (4) | ARCH |
| 8478.01 | 10/15/2012 | 28 | A | 1 | 175.00 | 0.25 | 43.75 | TIME SPENT MEETING WITH ATTORNEY DANIEL WALTER REGARDING STATUS OF LITIGATION. | ARCH |
| 8478.01 | 10/15/2012 | 28 | A | 1 | 175.00 | 2.00 | 350.00 | TIME SPENT REVIEWING PLEADINGS FILE. | ARCH |
| 8478.01 | 10/16/2012 | 28 | A | 1 | 175.00 | 2.75 | 481.25 | TIME SPENT REVEIWING PLAINTIFF'S LIVE PLEADINGS AND ALL LIVE ANSWERS OF DEFENDANTS' FOR PURPOSES OF LODGING SPECIAL EXCEPTIONS TO SAME, AND TIME SPENT OUTLINING SPECIAL EXCEPTIONS TO DEFENDANTS' PLEADINGS. | ARCH |
| 8478.01 | 10/16/2012 | 23 | A | 1 | 50.00 | 3.50 | 175.00 | JR: RESEARCH CONCERNING SPECIAL EXCEPTIONS TO AFFIRMATIVE DEFENSES; | ARCH |
| 8478.01 | 10/16/2012 | 28 | A | 96 | | | 48.17 | WESTLAW RESEARCH FEE | ARCH |
| 8478.01 | 10/17/2012 | 28 | A | 1 | 175.00 | 9.25 | 1,618.75 | TIME SPENT REVIEWING THE VARIOUS DEFENDANTS' LIVE PLEADINGS AND PREPARING SPECIAL EXCEPTIONS TO SAME. | ARCH |
| 8478.01 | 10/17/2012 | 23 | A | 1 | 50.00 | 3.00 | 150.00 | JR: RESEARCH CONCERNING ███████ | ARCH |
| 8478.01 | 10/18/2012 | 28 | A | 1 | 175.00 | 3.00 | 525.00 | MEETING WITH ATTORNEY DANIEL WALTER REGARDING PENDING LITIGATION ISSUES AND TIME SPENT PREPARING SPECIAL EXCEPTIONS. | ARCH |
| 8478.01 | 10/18/2012 | 28 | A | 1 | 175.00 | 8.50 | 1,487.50 | TIME SPENT PREPARING SPECIAL EXCEPTIONS AND RESEARCHING CLAIMS. | ARCH |
| 8478.01 | 10/18/2012 | 26 | A | 1 | 200.00 | 1.50 | 300.00 | WORKED ON ISSUES REGARDING CASE | ARCH |
| 8478.01 | 10/18/2012 | 23 | A | 1 | 50.00 | 4.00 | 200.00 | JR: RESEARCH CONCERNING ███████ | ARCH |
| 8478.01 | 10/19/2012 | 28 | A | 1 | 175.00 | 1.00 | 175.00 | TIME SPENT MEETING WITH RAUL LEAL REGARDING LITIGATION ISSUES. | ARCH |
| 8478.01 | 10/19/2012 | 28 | A | 1 | 175.00 | 4.25 | 743.75 | TIME SPENT PREPARING SPECIAL EXCEPTIONS AND RESEARCHING CLAIMS. | ARCH |
| 8478.01 | 10/19/2012 | 26 | A | 1 | 200.00 | 2.80 | 560.00 | RESEARCHED VARIOUS PRODUCTION RECORDS AND REVIEWED INFORMATION IN DRILLING INFO; THE RAILROAD COMMISSION AND IN THE FILE | ARCH |
| 8478.01 | 10/19/2012 | 23 | A | 1 | 50.00 | 3.00 | 150.00 | JR: RESEARCH ███████ | ARCH |
| 8478.01 | 10/20/2012 | 23 | A | 1 | 50.00 | 3.00 | 150.00 | JR: RESEARCH CONCERNING ███████ | ARCH |
| 8478.01 | 10/22/2012 | 28 | A | 1 | 175.00 | 6.00 | 1,050.00 | TIME SPENT PREPARING SPECIAL EXCEPTIONS FOR DEFENDANTS. | ARCH |
| 8478.01 | 10/23/2012 | 25 | A | 1 | 50.00 | 0.75 | 37.50 | RETRIEVING DOCUMENTS FROM E-TITLE AS TO LEASES AND CONVEYANCE DEEDS | ARCH |
| 8478.01 | 10/23/2012 | 28 | A | 1 | 175.00 | 0.50 | 87.50 | EMAIL TO MRS. DE LLANO REGARDING ███████ AND CONFERRING WITH PARALEGAL JESSICA GARCIA REGARDING ███████ | ARCH |
| 8478.01 | 10/23/2012 | 28 | A | 1 | 175.00 | 0.50 | 87.50 | TIME SPENT CONFERRING WITH IN HOUSE LANDMA███████ | ARCH |
| 8478.01 | 10/23/2012 | 28 | A | 1 | 175.00 | 1.00 | 175.00 | TIME SPENT REVIEWING ███████ | ARCH |
| 8478.01 | 10/23/2012 | 28 | A | 1 | 175.00 | 3.00 | 525.00 | TIME SPENT REVIEWING AND MODIFYING AFFIDAVIT OF REX HOWELL. | ARCH |

| Client | Trans Date | Atty | H P | Tcd | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Client ID 8478.01 SCHROEDER/MR. CHARLES** | | | | | | | | | |
| 8478.01 | 10/23/2012 | 28 | A | 110 | | | 123.00 | CHECK # 19366 - JIM HOGG COUNTY FOR COPIES OF DOCUMENTS | ARCH |
| 8478.01 | 10/23/2012 | 7 | A | 98 | | | 102.00 | POSTAGE | ARCH |
| 8478.01 | 10/24/2012 | 9 | A | 1 | 300.00 | 0.50 | 150.00 | TIME SPENT REVIEWING SPECIAL EXCEPTIONS; | ARCH |
| 8478.01 | 10/24/2012 | 25 | A | 1 | 50.00 | 5.00 | 250.00 | TRIP TO JIM HOGG COUNTY FOR DOCUMENT PICK UP | ARCH |
| 8478.01 | 10/24/2012 | 7 | A | 98 | | | 4.50 | POSTAGE | ARCH |
| 8478.01 | 10/25/2012 | 28 | A | 1 | 175.00 | 0.50 | 87.50 | TIME SPENT REVIEWING DOCUMENTS FILED IN THE SCHROEDER MATTER, WHICH WERE OBTAINED BY ELY GUTIERREZ YESTERDAY FROM THE DISTRICT CLERK OF JIM HOGG COUNTY. | ARCH |
| 8478.01 | 10/30/2012 | 25 | A | 110 | | | 69.81 | CHECK # 19419 - REIMBURSEMENT FOR TRAVEL EXPENSE TO JIM HOGG COURTHOUSE ON 10/24/2012 | ARCH |
| 8478.01 | 11/01/2012 | 28 | A | 96 | | | 12.62 | WESTLAW RESEARCH FEE | ARCH |
| 8478.01 | 11/02/2012 | 28 | A | 1 | 175.00 | 2.00 | 350.00 | TIME SPENT MEETING WITH ATTORNEY DANIEL WALTER REGARDING LITIGATION ISSUES AND REVIEWING FILE. | ARCH |
| 8478.01 | 11/02/2012 | 26 | A | 1 | 200.00 | 4.00 | 800.00 | WORKED ON STRATEGY RE: CASE | ARCH |
| 8478.01 | 11/02/2012 | 7 | A | 98 | | | 59.50 | POSTAGE | ARCH |
| 8478.01 | 11/05/2012 | 26 | A | 1 | 200.00 | 1.20 | 240.00 | REVIEWED DISCOVERY AND PREPARED FOR DOCUMENT PRODUCTION | ARCH |
| 8478.01 | 11/06/2012 | 28 | A | 1 | 175.00 | 0.75 | 131.25 | | ARCH |
| 8478.01 | 11/06/2012 | 28 | A | 1 | 175.00 | 3.00 | 525.00 | | ARCH |
| 8478.01 | 11/06/2012 | 7 | A | 98 | | | 59.50 | POSTAGE | ARCH |
| 8478.01 | 11/07/2012 | 28 | A | 1 | 175.00 | 8.50 | 1,487.50 | TIME SPENT REVIEWING TITLE DOCUMENTS, LEASES AND PLEADINGS AND PREPARING INTERROGATORIES AND REQUESTS FOR PRODUCTION. | ARCH |
| 8478.01 | 11/08/2012 | 28 | A | 1 | 175.00 | 5.25 | 918.75 | TIME SPENT REVIEWING EXPERT REPORTS, RRC DOCUMENTS, PLEADINGS AND PREPARING INTERROGATORIES AND REQUESTS FOR PRODUCTION. | ARCH |
| 8478.01 | 11/08/2012 | 28 | A | 1 | 175.00 | 0.25 | 43.75 | TELEPHONE CONVERSATION WITH PAUL N. TEMPLE. | ARCH |
| 8478.01 | 11/08/2012 | 28 | A | 1 | 175.00 | 0.25 | 43.75 | TIME SPENT PREPARING LETTER TO ATTORNEY AGUSTIN RIVERA REGARDING DISCOVERY AND DATES FOR INSPECTION OF DOCUMENTS. | ARCH |
| 8478.01 | 11/08/2012 | 26 | A | 1 | 200.00 | 0.50 | 100.00 | ASSISTED WITH DRAFTING OF DISCOVERY | ARCH |
| 8478.01 | 11/08/2012 | 7 | A | 98 | | | 68.00 | POSTAGE | ARCH |
| 8478.01 | 11/15/2012 | 28 | A | 1 | 175.00 | 2.00 | 350.00 | TIME SPENT PREPARING DISCOVERY | ARCH |
| 8478.01 | 11/16/2012 | 28 | A | 1 | 175.00 | 6.25 | 1,093.75 | TIME SPENT PREPARING DISCOVERY | ARCH |
| 8478.01 | 11/19/2012 | 7 | A | 98 | | | 48.84 | POSTAGE | ARCH |
| 8478.01 | 11/19/2012 | 7 | A | 98 | | | 53.60 | POSTAGE | ARCH |
| 8478.01 | 11/19/2012 | 7 | A | 98 | | | 21.10 | POSTAGE | ARCH |
| 8478.01 | 11/19/2012 | 7 | A | 98 | | | 19.84 | POSTAGE | ARCH |
| 8478.01 | 11/19/2012 | 7 | A | 102 | 0.200 | | 163.20 | XEROX COPIES @ 20 CENTS EACH ( 816) | ARCH |
| 8478.01 | 11/20/2012 | 7 | A | 98 | | | 41.84 | POSTAGE | ARCH |
| 8478.01 | 11/20/2012 | 7 | A | 98 | | | 41.36 | POSTAGE | ARCH |
| 8478.01 | 11/20/2012 | 7 | A | 98 | | | 13.95 | POSTAGE | ARCH |
| 8478.01 | 11/20/2012 | 7 | A | 98 | | | 13.25 | POSTAGE | ARCH |
| 8478.01 | 11/20/2012 | 7 | A | 102 | 0.200 | | 14.00 | XEROX COPIES @ 20 CENTS EACH ( 70) | ARCH |
| 8478.01 | 11/26/2012 | 7 | A | 98 | | | 41.36 | POSTAGE | ARCH |
| 8478.01 | 11/26/2012 | 7 | A | 98 | | | 41.84 | POSTAGE | ARCH |
| 8478.01 | 11/26/2012 | 7 | A | 98 | | | 13.25 | POSTAGE | ARCH |
| 8478.01 | 11/26/2012 | 7 | A | 98 | | | 13.95 | POSTAGE | ARCH |
| 8478.01 | 11/27/2012 | 25 | A | 1 | 50.00 | 2.00 | 100.00 | ATTAINING DOCUMENTS | ARCH |
| 8478.01 | 11/27/2012 | 28 | A | 1 | 175.00 | 1.00 | 175.00 | TIME SPENT PREPARING AFFIDAVIT OF REX HOWELL IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT. | ARCH |
| 8478.01 | 11/27/2012 | 7 | A | 125 | | | 205.00 | TITLE RECORD RETRIEVAL FEE | ARCH |
| 8478.01 | 11/27/2012 | 24 | A | 96 | | | 37.78 | WESTLAW RESEARCH FEE | ARCH |
| 8478.01 | 11/28/2012 | 25 | A | 1 | 50.00 | 3.00 | 150.00 | ATTAINING DOCUMENTS | ARCH |
| 8478.01 | 11/28/2012 | 28 | A | 1 | 175.00 | 0.25 | 43.75 | TELEPHONE CONVERSATION WITH TESTIFYING EXPERT PETROLEUM ENGINEER REX HOWELL | ARCH |

| Client | Trans Date | Atty | H P | Tcd | Rate | Hours to Bill | Amount | | Ref# |
|---|---|---|---|---|---|---|---|---|---|
| Client ID 8478.01 SCHROEDER/MR. CHARLES | | | | | | | | REGARDING HIS AFFIDAVIT. | |
| 8478.01 | 11/29/2012 | 26 | A | 1 | 200.00 | 1.20 | 240.00 | REVIEWED CHARLES GRAHAM'S AFFIDAVIT | ARCH |
| 8478.01 | 11/30/2012 | 26 | A | 1 | 200.00 | 0.50 | 100.00 | REVIEWED REX HOWELL'S REPORT | ARCH |
| 8478.01 | 12/03/2012 | 26 | A | 1 | 200.00 | 0.80 | 160.00 | CONFERRED WITH ATTORNEY RE: DOCUMENT REVIEW; LEFT VOICEMAIL WITH OPPOSING COUNSELS THEY STILL HAVE NOT PROVIDED US WITH WORKABLE DATES FOR DOCUMENT REVIEW | ARCH |
| 8478.01 | 12/03/2012 | 28 | A | 1 | 175.00 | 0.25 | 43.75 | TELEPHONE CONVERSATION WITH MR. HOWELL | ARCH |
| 8478.01 | 12/06/2012 | 7 | A | 125 | | | 184.00 | TITLE RECORD RETRIEVAL FEE | ARCH |
| 8478.01 | 12/10/2012 | 26 | A | 1 | 200.00 | 1.00 | 200.00 | TELECONFERENCE WITH AUGUSTIN RIVERA RE: CASE; CONFERRED WITH ATTORENY RE: DATES AND DISCOVERY DEADLINES; | ARCH |
| 8478.01 | 12/10/2012 | 28 | A | 1 | 175.00 | 0.50 | 87.50 | TIME SPENT CONFERRING WITH DANNY WALTER REGARDING HIS TELEPHONE CONVERSATION WITH MR. RIVERA. | ARCH |
| 8478.01 | 12/12/2012 | 26 | A | 1 | 200.00 | 0.20 | 40.00 | TELECONFERENCE WITH OPPOSING COUNSEL RE: MOVING SETTLEMENT ISSUES BEFORE MEDIATING AND DISCUSSING DATES | ARCH |
| 8478.01 | 12/13/2012 | 26 | A | 1 | 200.00 | 2.00 | 400.00 | TELECONFERENCE WITH AUGIE RIVERA; CONFERRED WITH ATTORNEY; WORKED ON DATES | ARCH |
| 8478.01 | 12/14/2012 | 28 | A | 1 | 175.00 | 0.50 | 87.50 | TIME SPENT REVIEWING EMAIL FROM DANNY WALTER REGARDING HIS CONVERSATION WITH AGUSTIN RIVERA AND ▓▓▓▓▓▓▓ | ARCH |
| 8478.01 | 12/27/2012 | 7 | A | 102 | 0.200 | | 22.20 | XEROX COPIES @ 20 CENTS EACH ( 111) | ARCH |
| 8478.01 | 12/28/2012 | 26 | A | 306 | 200.00 | | -740.00 | COURTESY DISCOUNT ON DANIEL WALTER'S FEES | ARCH |
| 8478.01 | 01/16/2013 | 28 | A | 1 | 175.00 | 0.25 | 43.75 | TIME SPENT REVIEWING PROPOSED PRE-TRIAL GUIDELINE ORDER. | ARCH |
| 8478.01 | 01/16/2013 | 26 | A | 1 | 200.00 | 1.00 | 200.00 | FINALIZED NEW PRETRIAL GUIDELINE ORDER | ARCH |
| 8478.01 | 01/17/2013 | 26 | A | 1 | 200.00 | 1.50 | 300.00 | CORRESPONDENCE WITH OPPOSING COUNSEL TO SET NEW TRIAL DATE | ARCH |
| 8478.01 | 01/18/2013 | 26 | A | 1 | 200.00 | 0.20 | 40.00 | COMMUNICATIONS WITH OPPOSING COUNSEL | ARCH |
| 8478.01 | 01/22/2013 | 26 | A | 1 | 200.00 | 0.50 | 100.00 | WORKED ON GETTING PRE-TRIAL GUIDELINE ORDER SIGNED | ARCH |
| 8478.01 | 02/05/2013 | 26 | P | 1 | 200.00 | 0.30 | 60.00 | REVIEWED DOCUMENTS AND FOLLOWED UP ON RE-TRIAL GUIDELINE ORDER; | 106 |
| 8478.01 | 02/28/2013 | 7 | P | 100 | 0.250 | | 1.00 | TELEFAX TRANSMITTAL (4) | 171 |
| 8478.01 | 02/28/2013 | 28 | P | 1 | 175.00 | 0.50 | 87.50 | TIME SPENT PREPARING ORDER SETTING HEARING ON THE VARIOUS SPECIAL EXCEPTIONS AND EMAILED MS. DE LLANO REGARDING SAME. | 104 |
| 8478.01 | 02/28/2013 | 28 | P | 1 | 175.00 | 0.75 | 131.25 | TIME SPENT REVISING FIAT TO INCLUDE AVAILABLE DATES PROVIDED BY THE COURT AND TELEPHONE CONVERSATION WITH ATTORNEY A RIVER'S OFFICE FOR PURPOSE OF COORDINATING HEARING DATE. | 105 |

Total for Client ID 8478.01      Billable    324.00    63,787.95    SCHROEDER/MR. CHARLES
                                                                   *SCHROEDER RANCH

**GRAND TOTALS**

                 Billable    324.00    63,787.95

 

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/9/2015 2:43:05 PM
KEITH E. HOTTLE
Clerk

| | | |
|---|---|---|
| CHARLES W. SCHROEDER, ELSIE A. | § | IN THE DISTRICT COURT OF |
| SCHROEDER SCHNEIDER, HOLLIS | § | |
| LONDON, TERRY MERGERS REEL, | § | |
| TED MENGERS, DEBBIE MENGERS | § | |
| QUATES, AUGUST H. SETINMEYER, | § | |
| CAROLE SCHROEDER MILLER, | § | |
| JAMES M. SCHROEDER, SALLY | § | |
| SCHROEDER, TINANUS, JAMES E. | § | |
| SCHROEDER, SUE SCHROEDER | § | |
| STANFORD, BILL SCHROEDER, WAYNE | § | |
| HENNECKE, DIANE HENNECKE RHODES, | § | |
| JERRI JAMES, W. TOM HAILEY, AND | § | |
| PEGGY HAILEY | § | |
| | § | |
| V. | § | JIM HOGG COUNTY, TEXAS |
| | § | |
| STEPHENS & JOHNSON OPERATING CO., | § | |
| ET AL. | § | 229TH JUDICIAL DISTRICT |

## AFFIDAVIT OF AUGUSTIN RIVERA, JR.

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF NUECES | § |

BEFORE ME, the undersigned official, on this day appeared Augustin Rivera, Jr., who is personally known to me, and first being duly sworn according to law upon his oath deposed and said:

"My name is Augustin Rivera, Jr. I am the attorney for some of the Defendants in Cause No. CC-04-143, pending in the 229th Judicial District Court, Jim Hogg County, Texas. I am over the age of 18, and fully competent to make this Affidavit. The statements contained in this Affidavit are true and correct and based on my personal knowledge of the contents of the file in this case. In addition, I have personal knowledge of the facts contained herein.

"I am an attorney and have been licensed to practice law in the State of Texas since May 1988. My practice has included significant experience in civil trial and appellate law, and a broad

288



range of subject areas, including oil and gas litigation.

"I am the attorney for a number of Defendants in this matter and am very familiar with the history of this case.

"I have reviewed the Motion and Supplemental Motion for Summary Judgment filed by the Plaintiffs, as well as the two affidavits of Martha Cigarroa de Llano filed together with the Motion. In my professional opinion, neither of the affidavits are legally sufficient evidence to support a claim of attorney's fees for at least the following reasons:

"1.     The 'list' of legal services used by the Plaintiffs to claim $63,787.95 in attorney's fees appears to be a list of all legal activity performed by the Plaintiffs' attorneys in this matter and is not segregated according to the distinctly different claims urged by the Plaintiffs.

"2.     In my professional opinion, the affidavits fail to show how the services were 'reasonable and necessary' in connection with the prosecution of the Plaintiffs' claim. The amount of legal work that would be reasonably necessary to prepare and file the Motion and Supplemental Motions for Summary Judgment is grossly disproportionate to the total amount of attorney's fees claimed by the Plaintiffs. In my professional opinion, the total amount of attorney's fees claimed by the Plaintiffs is excessive, unreasonable, and the majority of the work identified on the 'list' was not necessary to the preparation or prosecution of the summary judgment motions.

"3.     Furthermore, under the circumstances of this case and the declaratory relief sought by the Plaintiffs, it is my professional opinion that an award of attorney's fees to the Plaintiffs under the Texas Uniform Declaratory Judgment Act would not be equitable or just.

"Further affiant sayeth not."

_____
Augustin Rivera, Jr.

SWORN TO AND SUBSCRIBED BEFORE ME, on this the 28th day of October, 2013.

_____
NOTARY PUBLIC, State of Texas

Seal/Stamp

2

299